**HARRIS BEACH PLLC**
One Gateway Center – Suite 2500
Newark, New Jersey 07102
(973) 848-1244

*Attorneys for Defendants*
*U.S. Gas & Electric, Inc. and*
*Energy Services Providers, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICE PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br><br>Defendants. | Civil Action No. 2:14-cv-04464-KM-MAH |

**DECLARATION OF MICHELLE MANN**

STATE OF CALIFORNIA  )
                     ) ss:
COUNTY OF SAN DIEGO  )

BEFORE ME, the undersigned authority appeared Michelle Mann, who, being under oath, states:

1. I am over 18 years of age and am a Compliance Paralegal for U.S. Gas & Electric, Inc. ("USG&E"), and Energy Services Providers, Inc. ("ESPI") (collectively, "Defendants"), the Defendants in the above entitled action. I make this Affidavit in support of Defendants'

Dispositive Motion for Final Summary Judgment against Plaintiffs Vincent Vitale ("Mr. Vitale") and Patricia Vitale ("Ms. Vitale") (collectively, "Plaintiffs").

2. This Affidavit is based upon facts of which I have personal knowledge and from a review of the business records maintained by Defendants in their ordinary course of business, including the business records regarding the amounts charged to Plaintiffs for the energy services they received from Defendants, the communications between Plaintiffs and Defendants, and the resolution between Plaintiffs and Defendants of the dispute regarding the amounts charged to Plaintiffs for the energy services they received from Defendants.

3. As part of my duties as a Compliance Paralegal for Defendants, I am familiar with Defendants' maintenance of their records in the ordinary course of business. Defendants regularly maintain such business records in the ordinary course of business and the entries to those records were made by Defendants' agents and/or representatives contemporaneously with the events reflected therein.

4. In July 2011, Plaintiffs agreed to switch from their current provider of natural gas and electricity services to have their natural gas and electricity supplied by Defendants.

5. Although USG&E and ESPI are different companies and provide different services, they operated under the same business name, New Jersey Gas & Electric, for customers who received natural gas and/or electricity services from Defendants in the State of New Jersey. Specifically, in the State of New Jersey, ESPI supplied electricity services to its customers and USG&E supplied natural gas services to its customers.

6. On July 18, 2011, Defendants sent the materials attached as Exhibit J to the Second Amended Complaint to Plaintiffs confirming Plaintiffs' enrollment to receive natural gas and electricity services from Defendants. Included within Exhibit J to the Second Amended

Complaint are the Residential Terms and Conditions – Electricity – Purchase and Sale Agreement and the Residential Terms and Conditions – Natural – Purchase and Sale Agreement (collectively, the "Terms and Conditions"). For their electricity services, Plaintiffs were assigned ESPI account number xxxxx2215. For their natural gas services, Plaintiffs were assigned USG&E account number xxxxx7927.

7. The amounts charged by Defendants to Plaintiffs for their energy services appeared on the monthly bills issued from their local utility. Specifically, the amounts charged by Defendants to Plaintiffs for their electricity services appeared on their monthly bills from Jersey Central Power & Light. *See e.g.,* Second Amended Complaint, Exhibit A. The amounts charged by Defendants to Plaintiffs for their natural gas services appeared on their monthly bills from New Jersey Natural Gas. *See e.g.,* Second Amended Complaint, Exhibit B, C, F, and G.

8. From the time Plaintiffs enrolled to receive natural gas and electricity services with Defendants in July 2011 until March 2014, Plaintiffs never raised any issues to Defendants regarding the amounts Defendants charged Plaintiffs for energy services.

9. On March 4, 2014, Ms. Vitale contacted Defendants to dispute the amount Defendants charged Plaintiffs for electricity services.

10. On April 2, 2014, Ms. Vitale called Defendants again, at which time she disputed the amount Defendants charged Plaintiffs for natural gas services.[1] During the April 2, 2014 call, Defendants offered to pay $100.00 to Plaintiffs as a resolution to Plaintiffs' dispute for their natural gas charges for time period of February 6, 2014 through March 11, 2014. Ms. Vitale rejected that offer and instead asked for a "second review" in an effort to obtain a larger payment.

---

[1] Plaintiffs' disputes regarding their electricity and natural gas charges are collectively referred to herein as the "Energy Bills Dispute."

11. On or about April 7, 2014, in response to Ms. Vitale's request for a larger payment in resolution of Plaintiffs' issues, Defendants contacted Plaintiffs regarding the Energy Bills Dispute. The April 7, 2014 call was recorded by Defendants. A true, correct, and complete transcript of the April 7, 2014 phone call is attached hereto as **Exhibit "A."** In pertinent part, the following dialogue transpired during the April 7, 2014 call between Defendants' representative and Ms. Vitale:

> Defendant: [o]ur billing group has provided us a **resolution for this issue**. For the gas account I'm going to go ahead and issue a refund in the amount of $115 ... [a]nd for the electric account, they'll go ahead and issue a refund in the amount of $65 ... I'll go ahead and get this processed and issued to you. Okay? (*See* Exh. A. p. 2:14-25)
>
> Ms. Vitale: "Thank You." (*See* Exh. A, p. 3:2)

12. On or about March 26, 2014, Plaintiffs requested that their natural gas and electricity services with Defendants be cancelled. On April 8, 2014, Defendants sent letters to Plaintiffs acknowledging that Plaintiffs' requests to cancel natural gas and electricity services with Defendants had been received and processed. True, correct, and complete copies of the April 8, 2014 letters sent to Plaintiffs are attached to the Second Amended Complaint as Composite Exhibit E.

13. Following the resolution of the Energy Bills Dispute, on April 29, 2014, Defendants issued checks (collectively, the "Resolution Checks") to Plaintiffs in the amounts of the agreed-upon resolution and mailed the Resolution Checks to Plaintiffs. Specifically, on April 29, 2014, ESPI issued a check in the amount of $65.00 payable to Vincent Vitale in connection with the resolution regarding the Plaintiffs' electricity services, with the memo line of that check reading: "Refund, Acct [xxxxxxx]2215." On April 29, 2014, USG&E issued a check in the amount of $115.00 to payable to Patricia Vitale in connection with the resolution regarding the

Plaintiffs' natural gas services, with the memo line of that check reading: "Refund Acct [xxxxxxx]79-27." True, correct, and complete copies of the Resolution Checks are attached hereto as **Composite Exhibit "B."**

14. Plaintiffs did not immediately deposit or otherwise negotiate the Resolution Checks.

15. Between April 7, 2014, and February 22, 2016, there were no direct communications between Plaintiffs and Defendants.

16. On February 22, 2016, Ms. Vitale made an unsolicited call to Defendants claiming that she had just located the Resolution Checks and inquired as to how she could receive payment on the Resolution Checks in light of the length of time that had passed since the Resolution Checks were issued. Specifically, because the Resolution Checks had been issued more than a year and a half prior, Ms. Vitale requested that the Resolution Checks be reissued to so that Plaintiffs could receive their proceeds. The February 22, 2016 call was recorded by Defendants. A true, correct, and complete transcript of the February 22, 2016 phone call is attached hereto as **Exhibit "C."**

17. On February 24, 2016, a representative of Defendants responded to Ms. Vitale's request by a voice message informing her that the Resolution Checks remained valid and that Plaintiffs could negotiate the Resolution Checks. The February 24, 2016 phone call was recorded by Defendants. A true, correct, and complete transcript of the February 24, 2016 phone call is attached hereto as **Exhibit "D."**

18. On or about February 26, 2016, Plaintiffs endorsed and negotiated the Resolution Checks and received the proceeds of the Resolution Checks. (*See* Composite Exh. B).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April __, 2016

_____
Michelle Mann