**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA VITALE and VICENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICE PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25.<br><br>Defendants. | Civil Action No.: 2:14-cv-4464-KM-MAH |

**DECLARATION OF BRUCE D. GREENBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, BRUCE D. GREENBERG, of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey and a member of the law firm of Lite DePalma Greenberg, LLC ("LDG"), co-counsel for Plaintiffs and the Class in the above matter. I submit this declaration in support of Plaintiffs' application for Final Approval of Class Action Settlement.

2. Annexed hereto as **Exhibit 1** is a true and correct copy of the fully executed Settlement Agreement with all Exhibits attached.

3. The value of the settlement to the class is $1,825,000. The settlement is made up of a $1,825,000 cash fund (the "Settlement Fund") that will be

distributed to each class member holder of a gas or electric service account on a pro rata basis. No Settlement Class Member will need to make a claim or take any other action in order to receive a Settlement Fund Payment from the Settlement Fund. Moreover, no portion of the Settlement Fund shall revert to Defendants under any circumstances. If any Settlement Fund Payment checks are not negotiated by Settlement Class Members within 90 days of the date such checks are transmitted, such funds shall, at the option of the Court upon a joint application by the Parties, either (1) be redistributed to Settlement Class Members who did negotiate their Settlement Fund Payment checks, or (2) be donated to a charitable organization to be selected by the Court, with no input from the Parties.

4. If every eligible class member cashes their checks, each class member would receive approximately $4.60 per account. This proposed settlement falls well within the range of reasonableness and the relief available to class members is fair when considering the risks inherent in continuing the litigation and approved class action settlements in similar cases.

**Procedural Background**

5. This case has been litigated since June 2014 on a complete contingency fee basis. Shortly after Defendants' motion to dismiss was denied, the Parties discussed potentially resolving the matter without further litigation. Defendants produced more than 10,000 pages of documents, which were

extensively reviewed by Class Counsel. In addition, Defendants provided spreadsheets detailing the number of USGE and ESPI customers in each of the 11 states and Washington, D.C. where Defendants offer services. Defendants were very cooperative in answering questions and providing follow up information as Class Counsel reviewed the produced documents. Confirmatory discovery revealed that Defendants used the same or substantially similar marketing sales tactics, through an automated voice or otherwise, in enrolling all Class members who switched gas or electric suppliers to USGE and ESPI, namely that Defendants would provide a "competitively-priced variable rate every month," and that Defendants were "competitive third-party supplier[s]."

6. The Parties agreed to mediate with Honorable Joel B. Rosen, United States Magistrate Judge (Ret.) as the mediator. An all-day mediation session was held at the offices of Blank Rome LLP in Princeton, NJ. During the course of this mediation, all counsel engaged in vigorous, arm's-length negotiations with the assistance of Judge Rosen, and made significant progress with respect to the contours of a possible settlement. Following the mediation, the Parties continued settlement communications with the assistance of Judge Rosen, ultimately reaching an agreement in principle regarding the merits and the substantive terms of relief for the Settlement Class to resolve nationwide claims.

7. The Parties scrupulously did not discuss attorneys' fees or a Service Award for the Class Representatives until after a settlement was reached for the Settlement Class. Once an agreement in principle regarding the merits was reached, and again with the assistance of Judge Rosen, the Parties reached an agreement in principle regarding attorneys' fees and costs, as well as a Service Award for the Class Representatives. The Service Award will be paid out of any attorneys' fee and expense award that the Court may make. Any fee and expense award that the Court approves, including notice and administration costs paid to the Independent Settlement Administrator, will be separate from and in addition to the Settlement Fund for the Settlement Class, and therefore will not reduce the recovery to the Settlement Class.

**Preliminary Approval**

8. On April 24, 2017, this Court preliminarily certified the following class for settlement purposes only:

> Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who, from January 1, 2008 to February 10, 2017, entered into a gas or electric service supply plan with Defendants or either of them.
>
> Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas service supply plan with Defendants or either of them.

> Excluded from the Settlement Class are all judges to whom the Action is assigned and the staff of those judges; the officers, directors and counsel of record of Defendants; all employees of Defendants; any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order; and any putative Settlement Class Members who have already had adjudicated in legal proceedings other than this action the same or similar claims as those alleged in this action.

A Copy of the Preliminary Approval Order is attached hereto as **Exhibit 2**.

9. Moreover, the Court preliminarily approved the Settlement Agreement, finding it fair, reasonable and adequate and that the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion. The Court fully adopted and incorporated the terms of the Settlement Agreement into the Preliminary Approval Order. See Exhibit 2.

10. The Court also approved the form and content of the proposed Summary Notice and Settlement Notice as well as the Notice Plan described in the Settlement Agreement and Ordered that notice shall be given to the Settlement Class. In particular, the Court Ordered that within 14 days of entry of the Preliminary Approval Order (May 9), that Defendants cause the Settlement Notice to be posted to the settlement website – www.usgesettlement.com – and within 21 after entry of the Preliminary Approval Order (May 16) disseminate to every Class Member via email and first class mail (if the settlement administrator does not

have the class member's email address) a copy of the Summary Notice. See Exhibit 2. As stated in the Declaration of the settlement administrator being filed contemporaneously with this Declaration, those things have occurred.

11. Finally, the Court set the following procedures and deadlines for final approval of the settlement:

- A Fairness Hearing shall be held at 10:00 a.m. on July 18, 2017;
- Class members who wish to be excluded from the Settlement Class must mail the requests for exclusion in written form to the Settlement Administrator no later than 30 days after issuance of the Summary Notice (June 15);
- All objections to certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made in writing and, no later than thirty (30) days after the date of issuance of the Summary Notice (June 15);
- All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, must file with the Court and serve, on Defendants' Counsel and on Class Counsel, no later than twenty (20) days before the date of the Fairness Hearing (June 28), a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing;
- No later than twenty-one (21) days before the deadlines for Requests for Exclusion and for Filing Objections and Requests to Appear (May 25), Class Counsel shall file with this Court, and serve on Defendants, Class Counsel's Application, pursuant to the Settlement Agreement, their papers in support of final approval of the Settlement and their

> Application for an award of attorneys' fees and reimbursement of costs incurred in the Action and for awards to Plaintiffs.

See Exhibit 2.

**Class Counsel**

12. The results in this case are in large measure based upon the tenacity with which Plaintiffs' Counsel handled this litigation. The benefits available to Settlement Class Members flow directly from Class Counsel's aggressive pursuit of the litigation and vigorous negotiations. Skilled class counsel negotiated a large monetary settlement, and did so without facing the enormous risks of trial, let alone the risks of certifying a multistate class.

13. At the time the case settled, there were several hurdles yet to be overcome. The issue of whether a multistate class could be certified for the common law and consumer fraud claims in light of variations in state law presented one set of risks. Further, on the merits, had Plaintiffs been forced to defend against a summary judgment motion, they might have been confronted with cases where courts dismissed similar claims based variable rate contracts offered by third party suppliers of energy. Even at trial, a battle of experts would likely have occurred, which is always risky for both sides.

14. Thus, for the same reasons this Court preliminarily approved Lite DePalma Greenberg and Poulos LoPiccolo as Co-lead Class Counsel (D.E. 52 at 5), the Court should grant final approval of these firms as Co-lead Class Counsel.

15. A proposed Final Approval Order is annexed hereto as **Exhibit 3**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 24, 2017

By: ______________________
Bruce D. Greenberg

# EXHIBIT 1

**AGREEMENT**

This Agreement ("Agreement") is made and entered into this 10th day of February, 2017, by and among Defendants U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. (collectively, "USGE" or "Defendants"), and the Settlement Class (as defined below), acting by and through Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife (together, "Plaintiffs," and together with Defendants, the "Parties"). This Agreement is intended to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), subject to the approval of the Court and the terms and conditions set forth below.

**BACKGROUND**

On or about June 9, 2014, Plaintiffs filed an action captioned Patricia Vitale and Vincent Vitale, on behalf of themselves and all other similarly situated, v. U.S. Gas & Electric, Inc., d/b/a N.J. Gas & Electric (the "State Court Action"). The State Court Action was filed in the Superior Court of New Jersey, Law Division, Bergen County, and was assigned Docket No. BER-L-5468-14.

On or about July 15, 2014, Defendants filed a notice of removal that removed the State Court Action to the United States District Court for the District of New Jersey. The matter (the "Action") then proceeded in federal court, under Civil Action No.: 2:14-cv-4464-KM-MAH.

Thereafter, Plaintiffs filed an Amended Complaint, on or about September 18, 2014, ECF No. 6, and a Second Amended Complaint, on or about October 16, 2014, ECF No. 10. Among other things, the Second Amended Complaint deleted the "d/b/a" from the name of Defendant U.S. Gas & Electric, Inc. and added as Defendants Energy Services Providers, Inc. and John Doe Corporations #1-25.

On or about October 30, 2014, Defendants filed a motion to dismiss the Second

Amended Complaint. ECF Nos. 13, 14. On or about December 1, 2014, Plaintiffs filed a brief in opposition to that motion. ECF No. 19. Thereafter, the Parties submitted letters presenting and responding to supplemental authorities relating to the pending motion. ECF Nos. 20-24.

On or about March 16, 2016, the Court (Hon. Kevin A. McNulty, U.S.D.J.) issued a Memorandum Opinion and Order that denied, in its entirety, Defendants' motion to dismiss the Second Amended Complaint. ECF No. 25. Defendants then filed an Answer to the Second Amended Complaint, which included numerous Separate Defenses, on or about March 30, 2016. ECF No. 27.

On or about April 12, 2016, Defendants filed a motion for summary judgment. ECF Nos. 28-32. The Court (Hon. Michael A. Hammer, U.S.M.J.) terminated that motion, without prejudice, as premature, on or about April 15, 2016. ECF No. 33.

Judge Hammer set an initial conference for May 23, 2016. ECF No. 37. The Parties thereafter requested that that conference be adjourned so that the Parties could pursue a settlement mediation, and Judge Hammer granted that request. ECF Nos. 42-43.

The Parties engaged Hon. Joel B. Rosen, U.S.M.J. (Ret.) to conduct the settlement mediation. After the Parties submitted written mediation statements, Judge Rosen conducted an all-day settlement mediation on August 23, 2016. The Parties thereafter engaged in further discussions under the auspices of Judge Rosen. As a result of those extensive, contentious, and arms-length negotiations, the Parties have reached the settlement that is embodied in this Agreement.

USGE and the other Releasees (as defined below) have at all times denied, and continue to deny, any wrongdoing of any kind whatsoever. Without admitting liability, they nevertheless

have agreed to enter into this Agreement to avoid further expense, as well as the burdens and risks of litigation.

Plaintiffs have agreed to serve as representatives of the Settlement Class. They have been informed by their counsel of the duties and obligations of a class representative, are familiar with the pleadings and discovery in the Action and the results of the factual investigation undertaken by their counsel, and have been fully advised by their counsel as to the terms and effects of this Agreement, including the nature of the claims released, the potential for success if the Action were to be litigated to its conclusion, and the relief obtained by the settlement.

In evaluating the settlement set forth in this Agreement, Plaintiffs' counsel Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. (together "Plaintiffs' Counsel"), have concluded that the benefits provided to the Settlement Class under this Agreement make a settlement with USGE and the other Releasees pursuant to such terms and conditions in the best interests of the Settlement Class. Plaintiffs' Counsel reached that conclusion in light of, among other considerations: (1) the substantial benefits afforded to the Settlement Class under the terms of this Agreement; (2) the attendant risks and uncertainties of litigation, especially in complex litigation such as this Action; (3) the expense and length of time necessary to prosecute these actions through trial; and (4) the desirability of consummating this Agreement promptly to provide effective monetary and other relief to the Settlement Classes (as defined below).

The Parties desire to compromise and settle all issues and claims relating to the allegations made in the Action or that could have been made under the facts alleged in the Action, by or on behalf of all persons included in the Settlement Class. The Parties, and their respective counsel, believe that the terms of the settlement set forth in this Agreement are fair,

reasonable and adequate, and the Parties desire and intend to seek Court approval of the settlement as set forth in this Agreement.

**NOW, THEREFORE,** it is agreed that in consideration of the promises and mutual covenants set forth in this Agreement and the entry by the Court of a Final Approval Order and Judgment (as defined below), the Action shall be settled and compromised on the terms and conditions set forth below. It is further agreed that each of the recitals stated above is true and accurate, and is hereby made a part of this Agreement.

## I. DEFINITIONS

In addition to any definitions contained above, the following definitions shall apply:

A. "Administration Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator and any third parties perform in furtherance of the administration of the Settlement, including: (1) preparation and distribution of the Summary Notice and Settlement Notice; and (2) preparation of status reports to the Parties and the Court.

B. "Application" means the application to be filed by Class Counsel to the Court by which they will seek an award of reasonable attorneys' fees and reimbursement of costs they incurred prosecuting the State Court Action and the Action, as well as an award to be paid to Plaintiffs in the Action.

C. "Class Counsel" means the law firms of Lite DePalma Greenberg, LLC, and Poulos LoPiccolo P.C.

D. "Court" means the United States District Court for the District of New Jersey.

E. "Defendants" means U.S. Gas & Electric, Inc., Energy Services Providers, Inc., and related entities (including parents, subsidiaries, divisions, and affiliates) of either of them.

F. "Effective Date" means the first date after all the following have occurred: (i) this Agreement has been fully executed by the Parties and their counsel; (ii) the Court has entered an order certifying a Settlement Class and granting final approval of the Settlement in accordance with the terms of this Agreement; (iii) the time for any challenge to the Court's orders relating to the Settlement, both in the Court and on appeal, has elapsed; and (iv) the Settlement has become Final as defined herein.

G. "Fairness Hearing" means the final hearing, to be held after notice has been provided to the Settlement Class in accordance with this Agreement and as directed by the Court: (1) to consider the fairness, reasonableness, and adequacy of the proposed Settlement and to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiffs as the representatives of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the Settlement; (2) to rule on Class Counsel's Application for an award of reasonable attorneys' fees and reimbursement of costs and for awards to Plaintiffs; and (3) to consider whether to enter the Final Approval Order.

H. "Final" when referring to a judgment or order means that: (1) the judgment is a final, appealable judgment; and (2) either: (a) no appeal has been taken from the judgment relating to the merits of the Settlement (as opposed to any appeals relating solely to the Application, which will not affect finality as defined herein) as of the date on which all times to appeal therefrom have expired; or (b) an appeal or other review proceeding of the judgment relating to the merits of the Settlement having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or

otherwise, and such appeal or other review has been finally resolved in a manner that affirms the judgment in all material respects.

I. "Final Approval Order and Judgment" means the proposed Order Granting Final Approval of the Class Action Agreement and Entry of Final Judgment, to be entered by the Court with the provisions and in the form of Exhibit B attached to this Agreement.

J. "Parties" means Plaintiffs and Defendants in the Action.

K. "Plaintiffs" means Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife.

L. "Plaintiffs' Counsel" means Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C.

M. "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval to Class Action Settlement, to be entered by the Court with the terms and substantially in the form of Exhibit A attached to this Agreement.

N. "Released Claims" means any and all claims, actions, causes of action, administrative claims, demands, debts, liens, offsets or liabilities, damages, costs, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent this Agreement, may in the future have, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that: (a) has been alleged in the Action; or (b) could have been alleged in the Action and relates (i) to the rates charged to customers by Defendants in connection with their gas or electric supply plans, or (ii) to any alleged act, omission, damage, matter, cause, or event

whatsoever arising out of or related to the initiation, defense, or settlement of the Action or the claims or defenses asserted or that could have been asserted in the Action.

O. "Releasees" means: (a) Defendants, together with their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and (b) each of their respective past, present, and future owners, shareholders, officers, directors, agents, representatives, employees, attorneys, and insurers.

P. "Settlement" means the settlement provided for in this Agreement.

Q. "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc., the entity selected by the Parties to administer the Settlement.

R. "Settlement Class" means all persons or entities in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia who, from January 1, 2008 to the date of execution of this Settlement Agreement, entered into a gas or electric supply service plan with Defendants or either of them, as well as all persons or entities in the State of Pennsylvania who, during that same time period, entered into a gas supply service plan with Defendants or either of them. Excluded from the Settlement Class are all judges to whom the Action is assigned, and the staff of those judges, the officers, directors and counsel of record of Defendants, and all employees of Defendants, any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order, and any Settlement Class Members who have already had adjudicated in legal proceedings other than this Action the same or similar claims as those alleged in this Action. For the avoidance of doubt, all persons or entities in the State of New York, and all persons or entities in the State of Pennsylvania who entered into an electric service supply plan with

Defendants or either of them are not included within the Settlement Class even though such persons or entities were included in the proposed class definition contained in Plaintiffs' operative pleading.

S. "Settlement Class Members" means all persons or entities who are members of the Settlement Class and do not properly and timely exclude themselves from the Settlement in the manner and time prescribed by the Court in the Preliminary Approval Order.

T. "Settlement Notice" means the proposed form of written notice attached to the Preliminary Approval Order as Exhibit 1, to be approved by the Court and to be posted on the Settlement Website.

U. "Settlement Website" means www.usgesettlement.com, which Settlement Class Members can visit to read or request additional information regarding the Settlement.

V. "Summary Notice" means the proposed form of written notice attached to the Preliminary Approval Order as Exhibit 2, to be approved by the Court and to be sent to Settlement Class Members by either email or by first-class as a pre-printed postcard.

## II. TERMS OF AGREEMENT

1. **<u>Non-Admission of Liability</u>**. This Agreement is made for settlement purposes only, and neither the fact of, nor any specific provision contained in, this Agreement nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged by Plaintiffs or by any Settlement Class Member of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants. Defendants have denied and continue to deny all of the claims alleged by Plaintiffs in the Action, as well as all allegations made by Plaintiffs that Defendants violated any statutes, breached any agreements or engaged in any other actionable wrongdoing. Nonetheless, Defendants have concluded that further conduct

of the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement. This Agreement therefore constitutes a compromise pursuant to Fed. R. Evid. 408(a) and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable. It shall not be offered or be admissible, either in whole or in part, as evidence against Defendants, except in any action or proceeding to enforce its terms.

**2. Preliminary Approval.** No later than twenty one (21) days from the date of full execution of this Agreement (unless such time is extended by mutual agreement of the Parties), Plaintiffs shall present this Agreement to the Court by way of unopposed motion, seeking (a) certification of Settlement Class and (b) preliminary approval of this Agreement (the "Submission for Preliminary Approval"). Defendants shall either expressly join in or refuse to oppose the Submission for Preliminary Approval. In connection with the Submission for Preliminary Approval, Plaintiffs shall apply for a Preliminary Approval Order substantially in the form of Exhibit A to this Agreement. More specifically, the Submission for Preliminary Approval shall request:

a. Preliminary approval of this Agreement;

b. Certification for settlement purposes only of the Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(3);

c. Appointment of Plaintiffs' Counsel as counsel for the Settlement Class;

d. Appointment of Plaintiffs Patricia Vitale and Vincent Vitale as class representatives for the Settlement Class; and

e. Approval of the notices proposed in this Agreement in forms substantially similar to those attached to the Preliminary Approval Order as Exhibits 1 and 2.

**3. <u>Notice to Settlement Class</u>.** No later than twenty one (21) days after the entry of the Preliminary Approval Order (unless otherwise specifically modified below), Defendants shall cause notice to be disseminated to the Settlement Class as directed in the Preliminary Approval Order as follows:

a. Defendants will provide, through the Settlement Administrator, direct notice to the member of the Settlement Class. For that purpose, Defendants shall provide to the Settlement Administrator a complete list of email addresses and mailing addresses for all member of the Settlement Class. The Settlement Administrator shall send the Summary Notice, as approved by the Court in its Preliminary Approval Order, by email to those members of the Settlement Class for whom Defendants have an email address and by first-class mail as a pre-printed postcard to all other members of the Settlement Class.

b. The Settlement Administrator shall establish and maintain the Settlement Website, which (among other things) shall initially contain Plaintiffs' Second Amended Complaint, the Settlement Notice (as approved by the Court in its Preliminary Approval Order), and this Agreement. The Settlement Administrator shall update the Settlement Website periodically to include the Submission for Preliminary Approval, any Order granting preliminary or final settlement approval, and such other documents as the Parties may agree upon, in order to fully inform the Settlement Class of the status of this matter. Defendants shall provide copies of all such documents to the Settlement Administrator promptly after such documents are filed.

c. The Parties agree that the methods of notice set forth in this Section constitute the best form of notice to the Settlement Class that is practicable under the circumstances, and that such methods of notice otherwise satisfy due process and the Federal Rules of Civil Procedure. Defendants shall pay all costs associated with Settlement

administration or for dissemination of the Summary Notice and Settlement Notice and all associated expenses, including but not limited to any payments for the services of the Settlement Administrator, which payment of notice and administration costs shall be in addition to and not deducted from the settlement consideration described in Section II-5 below or the amount of attorneys' fees and expenses described in Section II-11 below.

**4. Final Approval**

a. The Parties shall request that the Court hold a Fairness Hearing no later than seventy five (75) days from entry of the Preliminary Approval Order. Prior to the Fairness Hearing, the Parties shall file a joint motion for final approval of this Agreement, final certification of the Settlement Class, and other relief stated in this paragraph. At the Fairness Hearing, the Parties shall jointly request that the Court enter an order and judgment pursuant to Fed. R. Civ. P. 54(a) substantially in the form of the Final Approval Order and Judgment attached to this Agreement as Exhibit B, which shall finally certify the Settlement Class, approve the terms of this Agreement, dismiss the Action, discharge the Releasees of and from all further liability to Plaintiffs and Settlement Class Members with respect to the Released Claims (but not as to any obligations created or owed pursuant to this Agreement), and permanently bar and enjoin Plaintiffs and Settlement Class Members from bringing, filing, commencing, prosecuting (or further prosecuting), maintaining, intervening in, participating in, assisting in any way, formally or informally, except as required by law, or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or cause of action in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims. The actual form of Final Approval Order and Judgment entered by the Court may include additional provisions as to which the Parties may subsequently agree, or which the Court may direct, that are not

inconsistent with any of the express terms or conditions of this Agreement. Without limiting the releases provided herein, and without waiving any defenses that Defendants may have to any future action, nothing in this Section shall be construed to prohibit Settlement Class Members from participating in or receiving benefits from an governmental or regulatory enforcement action if in any such action it is finally determined that the governmental or regulatory agency may seek such benefits on behalf of a group that includes Settlement Class Members.

b. The Parties and their counsel will cooperate and take all reasonable actions to accomplish the above. If the Court fails or refuses to enter either the Preliminary Approval Order or the Final Approval Order and Judgment, substantially in the forms attached to this Agreement, the Parties and their counsel will use all reasonable efforts that are consistent with this Agreement to cure any defect identified by the Court. If, despite such efforts, the Court does not enter the Preliminary Approval Order and the Final Approval Order and Judgment, the Parties will return to their prior positions in the Action as though this Agreement had not been reached.

c. Notwithstanding anything in this Agreement, each Party retains the right to seek enforcement of or compliance with the terms of this Agreement, or the intervention of the Court to compel any default by any other Party to be cured.

**5. Settlement Consideration**. In consideration for the dismissal of the Action under the terms of this Agreement, the Parties agree as follows.

a. Within twenty (20) business days of the entry of the Preliminary Approval Order, Defendants shall pay the sum of $1,825,000.00 (the "Settlement Fund") into an interest-bearing account (the "Settlement Fund Account"). Within five (5) business days after the Final Approval Order and Judgment has become Final, the Settlement Administrator shall transmit

checks (the "Settlement Fund Payments") from the Settlement Fund Account to each Settlement Class Member in an amount, for each Settlement Class Member, equal to the Settlement Fund divided by the number of Settlement Class Members. No Settlement Class Member need make a claim or take any other action in order to receive a Settlement Fund Payment from the Settlement Fund Account.

b. No portion of the Settlement Fund shall revert to Defendants under any circumstances. If any Settlement Fund Payment checks are not negotiated by Settlement Class Members within ninety (90) days of the date such checks are transmitted, such funds shall, at the option of the Court upon a joint application by the Parties, either: (1) be redistributed to Settlement Class Members who did negotiate their Settlement Fund Payment checks; or (2) be donated to a charitable organization to be selected by the Court, with no input from the Parties.

**6. Best Efforts of Parties**. The Parties agree to undertake their respective best efforts to effectuate this Agreement. The Parties shall encourage the Court to approve the Agreement, and shall not encourage any Settlement Class Member to object to the Court's approval of the Agreement or to opt out of the Settlement Class. The Parties shall each affirmatively oppose before the Court any objections to approval of the Agreement or the certification of the Settlement Class.

**7. Objections to Settlement**.

a. Any Settlement Class Member who has not timely filed a written request for exclusion from the Settlement Class pursuant to Section II-9 below may object to the fairness, reasonableness or adequacy of the proposed Settlement. Each Settlement Class Member who wishes to object to any term of this Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the Parties' respective counsel at the addresses set

forth in Section II-25 below. Any such objection must be filed with the Clerk of the Court and received by the Parties' respective counsel no later than thirty (30) days from the date of issuance of the Summary Notice. Any such objection must:

i. Identify the Settlement Class Member by name;

ii. Identify the Settlement Class Member's current street address and current electronic mail address, if any;

iv. Identify the Settlement Class Member's account number(s) with Defendants or either of them;

v. Attach copies of any materials that will be submitted by or on behalf of the objecting Settlement Class Member to the Court or presented at the fairness hearing;

vi. Be personally signed by the Settlement Class Member; and

vii. Clearly state in detail the legal and factual grounds for the objection, and if represented by counsel, such counsel's name, address, telephone number, and electronic mail address; and

viii. Identify, by case name and docket number, any other occasion in the past five (5) years in which the Settlement Class Member filed an objection to a class action settlement, identify the Settlement Class Member's counsel in such instance, including counsel's name, address, telephone number, and electronic mail address, and include a statement disclosing any consideration that the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement, whether at the trial level or on appeal, within the five (5) years preceding the date that

the objecting Settlement Class Member's objection is filed. If the objecting Settlement Class Member or the objecting Settlement Class Member's counsel has not objected to any other class action settlement in any court in the United States in the preceding five (5) years, the objection must affirmatively so state.

b. Settlement Class Members may so object either on their own or through an attorney hired at their own expense. If an objecting Settlement Class Member hires an attorney to represent him or her, that attorney must file with the Court and serve upon the Parties' respective counsel at the addresses set forth at Section II-25 below, a notice of appearance no later than twenty (20) days before the Fairness Hearing.

c. Any objection that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, may be deemed ineffective, and will be deemed by the Parties to have been waived, and the Parties will each argue that the Settlement Class Member asserting such objection may not have his or her objection heard or otherwise considered by the Court.

**8. <u>Requests to Appear at Fairness Hearing</u>**. Settlement Class Members or their counsel who wish to appear at the Fairness Hearing must make such request by notifying the Court and the Parties' respective counsel in writing at the addresses set forth in Section II-25 below. Any such request must be filed with the Court and received by the Parties' respective counsel no later than twenty (20) days before the date of the fairness hearing, and must state the name, address, telephone number, and electronic mail address, if any, of the Settlement Class Member, as well as the name, address, telephone number, and electronic mail address of the person who will appear on his or her behalf, if any. Any such request must further indicate that the Settlement Class Member has previously or contemporaneously objected to the Settlement in compliance with the requirements of Section II-7 of this Agreement. Any request for appearance

that fails to satisfy the requirements of this Section or of Section II-7 above, or that has not been properly or timely submitted, may be deemed ineffective, and shall be deemed to constitute a waiver of such Settlement Class Member's rights to appear and to comment on the Settlement at the Fairness Hearing.

**9. Requests for Exclusion (Opt Out) from Settlement Class Membership.**

a. Any Settlement Class Member who wishes to be excluded from membership in the Settlement Class must mail a written request for exclusion to the Settlement Administrator at Epiq Class Action & Claims Solutions, Inc. [ADDRESS]. Such request must be postmarked no later than thirty (30) days from the date of issuance of the Summary Notice. The request must: (i) be personally signed by the Settlement Class Member; (ii) clearly express the Settlement Class Member's desire to be excluded (or to "opt out") from the Settlement Class; and (iii) include the Settlement Class Member's name, address, telephone number, and electronic mail address, if any, and, if represented by counsel, counsel's name, address, telephone number, and electronic mail address.

b. Any Settlement Class Member who wishes to be excluded from the Settlement Class can opt out only for himself or herself and cannot opt out for any other Settlement Class Member. Nor can any Settlement Class Member authorize any other Settlement Class Member to opt out on his or her behalf.

c. Any Settlement Class Member who has filed an objection to the fairness, reasonableness or adequacy of the proposed Settlement pursuant to and in full compliance with Section II-7 above shall be deemed not to have opted out of the Settlement Class pursuant to this Section. In the event that a Settlement Class Member makes a submission to the Court and the Parties that appears to assert both an objection to the fairness, reasonableness or adequacy of the

proposed Settlement, and a statement of intent to opt out of the Settlement Class, the Parties shall advise the Court that the Settlement Class Member has opted out of the Settlement.

**10. <u>Termination of Agreement</u>.**

a. If (i) preliminary or final approval of this Agreement and the Settlement is not obtained from the Court, (ii) the Final Approval Order and Judgment in the form attached as Exhibit B to this Agreement is materially modified by the Court, and any of the Parties objects to such modification, (iii) any person appeals from the Court's entry of the Final Approval Order and Judgment and such Final Approval Order and Judgment is reversed in whole or in material part by a final decision of an appellate court, or (iv) 20% of the Settlement Class elects to exclude themselves from membership in that Settlement Class (that is, to "opt out" of the Settlement), any Party may provide written notice to the other Parties within twenty (20) business days of one of the occurrences described in this sub-Section that this Agreement shall be null and void, shall have no further force and effect with respect to any Party, and shall not be offered in evidence or used in the Action or in any other matter for any purpose.

b. In the event the circumstances described in the preceding sub-Section occur, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with this Agreement shall be without prejudice to the Parties or the Settlement Class Members, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be used in any matter for any purpose, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court. Any Party may then move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement, and no Party shall object to such a

motion. The Action shall then proceed in all material respects as if this Agreement and any related orders had never been executed.

**11. <u>Attorneys' Fees and Expenses, and Incentive Awards.</u>**

a. At the same time as the Parties file their joint motion for final settlement approval, as described in Section II-4 above, Plaintiffs shall submit their application for an award of attorneys' fees and reimbursement of expenses.

b. Plaintiffs agree that they will not seek payment from Defendants of attorneys' fees and expenses that exceed $500,000.00, and Defendants agree not to contest an award of attorneys' fees and expenses to Plaintiffs for any amount up to $500,000.00. The Parties understand and acknowledge that the award of attorneys' fees and expenses is within the Court's discretion, and that there is no presumption as to the appropriate amount for a reasonable reimbursement for the legal services rendered by Plaintiffs' Counsel in the Action. Such amounts as are awarded by the Court shall be payable by Defendants to Class Counsel within twenty (20) business days of the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Any amounts paid before the Final Approval Order and Judgment becomes Final are subject to Class Counsel's obligation to make appropriate repayments to Defendants, if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Agreement is terminated or the fee or cost award is reduced or reversed.

c. Defendants further agree not to oppose the payment of a single $2,500 incentive award to Plaintiffs. Plaintiffs' application for an incentive award pursuant to this sub-Section shall be made at the same time that Plaintiffs apply for an award of attorneys' fees and reimbursement of expenses. Such application will be heard at the time of the Fairness Hearing

or as soon thereafter as may be determined by the Court. Any incentive award made by the Court shall be paid out of any fee and expense award made by the Court.

d. The Parties' negotiation of and agreement to the foregoing attorneys' fees, expenses, and incentive awards did not occur until after the substantive terms of this Agreement had been negotiated and agreed upon, under the auspices of Judge Rosen. The Parties further acknowledge that the attorneys' fees, expenses, and incentive awards to be paid under this Section are in addition to, and will not reduce in any way, the Settlement benefits provided to the Settlement Class. Should the Court decide to award less than $500,000.00 in attorneys' fees, expenses, and incentive awards, the difference between the sum awarded and $500,000.00 shall under no circumstances revert to Defendants. Instead, any such monies shall be added to the Settlement Fund Account and paid to Settlement Class Members as described in Section II-5 above.

e. If this Agreement is terminated pursuant to any of its provisions, Defendants' obligations to pay any amount of attorneys' fees, expenses or incentive awards shall likewise be terminated.

f. Payment by Defendants of any attorneys' fee and expense award made by the Court will completely satisfy any and all obligations on their part or on the part of the other Releasees to pay attorneys' fees, costs and expenses under this Agreement. The Released Parties shall have no other responsibility or liability whatsoever regarding the payment of attorneys' fees, costs and expenses.

g. Any challenges to the requested award of attorneys' fees and expenses or an incentive award shall not terminate or delay the Settlement.

**12. <u>Release, Waiver and Covenant Not to Sue</u>.**

a. Effective as of the date that the Final Approval Order and Judgment becomes Final, and in consideration of this Agreement and the benefits extended to the Settlement Class, Plaintiffs, on behalf of themselves and the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, fully release and forever discharge the Releasees from the Released Claims.

b. Plaintiffs, on behalf of themselves and the Settlement Class Members, fully understand that if any fact relating to any matter covered by this Agreement is later found to be other than or different from the facts now believed by Plaintiffs to be true, Plaintiffs, on behalf of themselves and the Settlement Class Members, expressly accept and assume the risk of such possible differences in fact and agree and acknowledge that this Agreement shall nevertheless remain fully binding and effective.

c. Plaintiffs expressly understand and acknowledge that certain state statutes and principles of common law provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his, her or its favor at the time of executing the release and which, if known, would have materially affected the settlement with the debtor. To the extent that any Settlement Class Member may argue that such statutes or principles of common law are applicable here, Plaintiffs, on behalf of themselves and the Settlement Class Members, agree that any such statutes, principles of common law or other sources of legal

authority of any and all jurisdictions that may be applicable are hereby knowingly and voluntarily waived and relinquished as they relate to Released Claims by the Settlement Class Members, and further agree and acknowledge that this is a material term of this Agreement.

d. Upon entry of the Final Approval Order and Judgment, Plaintiffs shall have, and each and every Settlement Class Member shall be deemed to have, on behalf of the Settlement Class Member and the Settlement Class Member's respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, covenanted and agreed to:

i. forever refrain from instituting, maintaining, or proceeding in any action against the Releasees with respect to any Released Claims; and

ii. release and forever discharge the Releasees from each and every such Released Claim.

e. This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit or other proceeding, which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted, asserting any Released Claim.

f. No Settlement Class Member shall have any claim against Defendants based on the administration of this Agreement, including without limitation, any distribution made or not made pursuant to this Agreement, except as to obligations imposed on Defendants by this Agreement.

g. Nothing in this Section II-12 shall be construed to prohibit Settlement Class Members from participating in or receiving benefits from any governmental or regulatory enforcement action if in any such action it is finally determined that the governmental or regulatory agency may seek such benefits on behalf of a group that includes Settlement Class Members.

**13. Entire Agreement**. This Agreement shall constitute the entire agreement between the Parties, on behalf of themselves and the Settlement Class, and supersedes and replaces any prior agreements and understandings, whether oral or written, between and among them, with respect to such matters. This Agreement shall not be subject to any change, modification, amendment, or addition, without the express written consent of all Parties, and may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**14. Binding, Severable Agreement**. This Agreement shall benefit and bind the Parties, as well as their representatives, heirs and successors, and shall be construed as a whole, according to its plain meaning. If for any reason any provision of this Agreement shall be determined by a court of competent jurisdiction to be invalid, inoperative, illegal, unenforceable, or void, the validity and effect of the other provisions shall not be affected thereby, and this Agreement shall continue in full force and effect without such provision.

**15. Terms and Conditions Not Superseded**. Nothing in this Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course of the relationship between Defendants and their customers, except as expressly provided in this Agreement with respect to the Released Claims.

**16. <u>Continuing Jurisdiction</u>.** The Court shall retain continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, over the administration and enforcement of the Settlement and this Agreement, and over the distribution of benefits to the Settlement Class. Any disputes or controversies arising with respect to the interpretation, enforcement or implementation of this Agreement must be submitted by formal and proper motion to the Court.

**17. <u>No Assignment</u>.** The Parties each represent and warrant that they have not assigned, transferred or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

**18. <u>Choice of Law</u>.** The validity, construction, interpretation, performance, and enforcement of this Agreement shall be governed by the internal, substantive laws of New Jersey without giving effect to New Jersey choice of law principles.

**19. <u>Class Member Signatures</u>.** The Parties agree that, because the Settlement Class Members are so numerous, it is impractical to have each Settlement Class Member execute this Agreement. The Summary Notice and Settlement Notice will advise the Settlement Class Members of the binding nature of the release and of the remainder of this Agreement, and in the absence of a valid and timely request for exclusion pursuant to Section II-9 of this Agreement, such notice shall have the same force and effect as if each Settlement Class Member executed this Agreement.

**20. <u>Counterparts</u>.** This Agreement may be executed in one or more counterparts, either manually or by telecopy. All executed counterparts, and each of them, shall be deemed to be one and the same original instrument. This Agreement shall be deemed executed as of February 10, 2017. The Parties shall exchange among themselves original, signed counterparts,

and a complete set of such counterparts shall be filed with the Court as an exhibit to the Submission for Preliminary Approval.

**21. Advice of Counsel.** Each of the Parties has had the benefit of the advice of counsel in the negotiation, drafting and execution of this Agreement, and the language in all parts of this Agreement is the product of the efforts of such counsel.

**22. Authority.** The Parties each represent and warrant that they have authority to enter into this Agreement.

**23. CAFA Notice.** The Settlement Administrator shall serve notice of this Settlement, at Defendants' sole expense, in a form that meets the requirements of 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days after the Submission for Preliminary Approval has been filed with the Court.

**24. No Party is Drafter.** None of the Parties to this Agreement shall be considered to be the primary drafter of this Agreement, or of any of its provisions, for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**25. Notification.** Except as otherwise described in the Settlement Notice, all notices and other communications referenced in this Agreement shall be addressed to the Parties' counsel at their respective addresses as set forth below:

Notices to Plaintiffs or the Settlement Class Members
Bruce D. Greenberg, Esq.
Lite DePalma Greenberg, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102

Notices to Defendants
Stephen M. Orlofsky, Esq.
Blank Rome, LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540

26. **Time for Compliance**. If the date for performance of any act required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or legal or Court holiday, such act may be performed upon the next business day, with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

IN WITNESS WHEREOF, the Parties have signed and delivered originals of this Agreement as of February __, 2017, but actually signed this Agreement on the dates set forth below.

PATRICIA VITALE and VINCENT VITALE

Patricia Vitale

Vincent Vitale

Approved By:______________________
John N. Poulos, Esq.
Attorney in Fact

Dated: February __, 2017



640465.1
130630.00602/105034453v.1
080758.00699/105076281v.1

U.S. GAS & ELECTRIC, INC.

By: ______________________
Kevin M McMinn, its Chief Operating Officer

ENERGY SERVICES PROVIDERS, INC.

By: ______________________
Kevin M McMinn, its Chief Operating Officer

Approved By: ______________________
Stephen M. Orlofsky
Attorney in Fact

Dated: February 6, 2017



640465.1
130630.00602/105034453v.1
080758.00699/105076281v.1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br>Defendants. | Case No. 2:14-cv-4464 (KM)(MAH)<br><br>Hon. Kevin McNulty, U.S.D.J. |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT**

On February 10, 2017, Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife (together, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants U.S. Gas & Electric, Inc., Energy Services Providers, Inc., and their subsidiaries (collectively, "USGE" or "Defendants," and together with Plaintiffs, the "Parties") executed a proposed Settlement Agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, Plaintiffs moved for entry of an order granting preliminary approval to the settlement (the "Settlement") provided for in the Settlement Agreement. Having reviewed the Settlement Agreement and considered the submissions in support of preliminary approval of the Settlement, the Court now finds, concludes, and orders as follows:

## I. CERTIFICATION OF A MULTI-STATE SETTLEMENT CLASS[1]

The Settlement Agreement provides for a multi-state class settlement of the claims that

[1] With respect to gas or electric supply service plans, the multi-state settlement class includes the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio and the District of Columbia. With respect to gas supply service plans only, the multi-state settlement class also includes the State of Pennsylvania.

are the subject of this litigation.

A. The Court has considered: the (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval of the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue, and individualized issues of fact and law that could have had a bearing on the certification of a multi-state class for trial in this case. Based on those considerations, the Court hereby finds as follows:

1. Defendants are third-party providers of gas and electric supply services to residents and companies throughout the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, the District of Columbia, and Pennsylvania. Defendants' customers comprise these residents and companies. The number of Defendants' customers satisfies the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure.

2. There are questions of law and fact common to all members of the Settlement Class based on Defendants' marketing, sales, and rates in connection with the provision of gas and electric supply services. Such questions include, but are not necessarily limited to, the following:

a. Whether the automated voice language and/or standardized scripts used in Defendants' telephonic interactions with Plaintiffs and members of the Settlement Class contained misrepresentations, concealments, and/or omissions of



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

material facts concerning the rates Defendants charged for supplying gas and electric service compared to local utility companies;

b. Whether Defendants' "Welcome Packages" and/or terms and conditions provided to Plaintiffs and members of the Settlement Class contained misrepresentations, concealments, and/or omissions of material facts concerning the rates Defendants charged for supplying gas and electric service compared to local utility companies;

c. Whether Defendants engaged in fraudulent practices by inducing Plaintiffs and members of the Settlement Class to switch gas and/or electric suppliers;

d. Whether Defendants' alleged acts in inducing Plaintiffs and members of the Settlement Class to switch gas and/or electric suppliers violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA");

e. Whether, by allegedly violating the NJCFA, Defendants violated clearly established rights of Plaintiffs and members of the Settlement Class, or the responsibilities of Defendants, in violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 *et seq.* ("TCCWNA");

f. Whether Plaintiffs and members of the Settlement Class are entitled to damages, restitution, injunctive and/or monetary relief, and the amount and nature of same; and

g. Whether Plaintiffs and members of the Settlement Class are entitled to reimbursement of the amounts charged by Defendants in excess of what would have been charged had Plaintiffs and members of the Settlement

Class not switched their gas and/or electric supplier to Defendants, as well as any fees incurred in connection with switching to Defendants.

3. Plaintiffs' claims are typical of the claims of the Settlement Class. Plaintiffs are members of the Settlement Class and allege that they have been damaged by the same conduct of Defendants that they allege has damaged other members of the Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiffs and members of the Settlement Class are based upon corresponding theories.

4. The Settlement Class is ascertainable. All of the members of the Settlement Class were Defendants' customers, who can readily be identified from Defendants' records.

5. Plaintiffs are adequate class representatives who can fairly, fully, and adequately protect the interests of the Settlement Class. Class Counsel too are adequate, as they are experienced in prosecuting complex class action litigation. Plaintiffs and their counsel have no interests that conflict with, or are adverse to, the interests of the Settlement Class.

6. The common questions of law and fact identified above predominate over any questions affecting only individual members for settlement purposes.

7. A multi-state class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B. Pursuant to Federal Rule of Procedure 23(b)(3), the Court hereby preliminarily certifies the following Settlement Class for settlement purposes only:

Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who,

> from January 1, 2008 to February 10, 2017, entered into a gas or electric service supply plan with Defendants or either of them.
>
> Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas service supply plan with Defendants or either of them.
>
> Excluded from the Settlement Class are all judges to whom this Action is assigned, and the staff of those judges, the officers, directors and counsel of record of Defendants, and all employees of Defendants, any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Order, and any putative class members who have already had adjudicated in legal proceedings other than this Action the same or similar claims as those alleged in this Action.

C. Patricia Vitale and Vincent Vitale are appointed as the representatives of the Settlement Class, and the law firms of Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. are appointed as Class Counsel for the Settlement Class.

D. If, for any reason, the Settlement Agreement should fail to become effective, Defendants' stipulation to certification of the Settlement Class, or to any other class or subclass, shall be null and void, and the Parties shall return to their respective positions in the Action as those positions existed on October 10, 2016, when the Parties reached an agreement-in-principle to settle. Nothing stated in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Action.

## II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

Defendants have at all times disputed, and continue to dispute, Plaintiffs' factual allegations in the Action and to deny any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class.

A. The Settlement requires Defendants to provide specified benefits to each member of the Settlement Class, without the need for any member of the Settlement Class to submit a

claim. Defendants shall pay the sum of $1,825,000.00 into an interest-bearing account ("the Settlement Fund Account"). Following the Court's entry of a Final Approval Order, the Settlement Administrator shall transmit checks from the Settlement Fund Account to each Settlement Class Member in an amount, for each Settlement Class Member, equal to the Settlement Fund plus any accrued interest, divided by the number of Settlement Class Members.

B. On a preliminary basis, therefore, taking into account: (1) the value and certainty of the benefits to be provided by the Settlement to the Settlement Class; (2) the defenses asserted by Defendants, as to both litigation class certification and the merits; (3) the risks to the members of the Settlement Class that Defendants would successfully defend against class certification and/or against the merits of the claims arising out of the facts and legal theories asserted in this Action, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; and (4) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement appears fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous motion practice and extensive, contentious, and arms-length negotiations facilitated by a mediator (Hon. Joel M. Rosen, U.S.M.J. (Ret.)), and the Settlement is not in any way the product of collusion. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

C. Accordingly, the Settlement Agreement and corresponding Settlement are hereby preliminarily approved.

D. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Settlement Agreement.

## III. APPROVAL OF THE SUMMARY NOTICE AND THE SETTLEMENT NOTICE AND THE PLAN FOR DISTRIBUTING THE NOTICES

As provided for in the Settlement Agreement, the Parties have submitted a proposed Summary Notice, a copy of which is attached to this Order as Exhibit 1; and a proposed Settlement Notice, a copy of which is attached to this Order as Exhibit 2. Having reviewed each, the Court finds and concludes as follows:

A. Distribution of the Summary Notice and the Settlement Notice, in substantially the forms attached hereto, through the methodology and plan described in the Settlement Agreement is the only notice required, and such notice satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

B. The Summary Notice and the Settlement Notice fairly, accurately, and reasonably inform members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; and (3) appropriate information about how to object to or exclude themselves from the Settlement, if they wish to do so. The Summary Notice and the Settlement Notice also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered

at the Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

Accordingly, the Court hereby orders as follows:

1. The form and content of the proposed Summary Notice and Settlement Notice are hereby approved. The proposed Notice Plan is hereby approved and notice shall be given to the Settlement Class as provided by the notice methodology described in the Settlement Agreement and the Notice Plan.

2. Promptly following the entry of this Order, the Parties shall prepare final versions of the Summary Notice and the Settlement Notice, and incorporate into each of them the Fairness Hearing date and the deadlines set forth in section IV of this Order.

3. Within fourteen (14) days after the entry of this Order, Defendants, through the Settlement Administrator appointed hereby, shall cause the Settlement Notice to be posted on the Settlement Website, www.usgesettlement.com.

4. Within twenty-one (21) days after the entry of this Order, the Settlement Administrator shall disseminate to every member of the Settlement Class a copy of the Summary Notice. The Settlement Administrator will disseminate the Summary Notice by email to those Settlement Class Members for whom Defendants have an email address and by first-class United States Mail to all other Settlement Class Members. Before doing so, the Settlement Administrator will obtain or cause to be obtained address updates using a National Change of Address database and use any updated addresses when mailing. If any Summary Notice is returned bearing a forwarding address for a member of the Settlement Class, the Settlement Administrator shall make one attempt to mail the Settlement Notice to that forwarding address.

5. This civil action was commenced after February 18, 2005. As a result, Defendants shall notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendants' Counsel shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. No later than seven (7) days before the Fairness Hearing, Defendants shall file with this Court a declaration of compliance with paragraphs 2, 3, 4, and 5 above.

7. Epiq Class Action & Claims Solutions, Inc.is hereby approved as the Settlement Administrator, whose reasonable costs in administering the Settlement and notice thereof are to be paid by Defendants.

8. The Settlement Administrator shall issue notice and administer the Settlement subject to the jurisdiction of the Court.

9. The Settlement Administrator shall perform the following functions in accordance with the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case:

a. As described above, disseminate the Summary Notice to members of the Settlement Class by email or by first-class United States Mail;

b. Before disseminating the Summary Notice, establish the Settlement Website, which will include the Settlement Notice;

c. Before disseminating the Summary Notice, set up and thereafter operate a toll-free automated interactive voice response system through which Settlement Class Members can access settlement information and facilitate requests for the Settlement Notice and other settlement information;

d. Send via first-class United States Mail or email notice packets or other settlement information to all those who may request via the toll-free number or mail;

e. Before disseminating the Summary Notice, establish a postal address to which Settlement Class Members can request to be excluded from the Settlement Class;

f. Carry out the Notice Plan;

g. Process requests for exclusion from the Settlement in accordance with section 9 of the Settlement Agreement; and

h. Promptly provide to Class Counsel and Defendants' Counsel copies of the Requests for Exclusion and a list of the names of all persons who submitted Requests for Exclusion. Class Counsel and Defendants shall jointly report in writing to the Court, no later than seven (7) days before the Fairness Hearing, the names and states of residence of all such persons.

## IV. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Fairness Hearing

The Court hereby schedules a Fairness Hearing at _____:_____ ___.m. on ___________, 2017, which date is approximately (and no less than) seventy-five (75) days after the entry of this Order, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval. At that time, the Court also will consider Class Counsel's application for an award of attorneys' fees and reimbursement

of costs they incurred prosecuting the Action, as well as awards to be paid to Plaintiffs, all in accordance with the terms of the Settlement Agreement (the "Application").

**B. Deadline for Requests for Exclusion from the Settlement Class**

Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Members of the Settlement Class who wish to be excluded from the Settlement Class must mail their requests for exclusion in written form to the Settlement Administrator by first-class United States Mail, postmarked by the United States Postal Service no later than thirty (30) days after the issuance of the Summary Notice. Any request for exclusion submitted in any other manner shall be deemed to have been submitted when actually received by the Settlement Administrator. The request must: (i) be personally signed by the Settlement Class Member; (ii) clearly express the Settlement Class Member's desire to be excluded (or to "opt out") from the Settlement Class in *Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Services Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH);and (iii) include the Settlement Class Member's name, address, telephone number, electronic mail address, if any, account number(s) with Defendants or any of them, and, if represented by counsel, counsel's name, address, telephone number, and electronic mail address. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

**C. Deadline for Filing Objections and Requests to Appear**

All objections to certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made in writing and, no later than thirty (30) days after the date of issuance of the Summary Notice, filed with this Court and mailed to Defendants' Counsel and to Class Counsel listed below, by first-class United States Mail, at the following addresses:

Clerk of the Court
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

For Defendants:

Stephen M. Orlofsky
BLANK ROME LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540

For the Settlement Class:

Bruce D. Greenberg
LITE DEPALMA GREENBERG LLC
570 Broad Street, Suite 1201
Newark, NJ 07102

Any written objection must include: (i) the objecting Settlement Class Member's name, address, telephone number, electronic mail address, if any, account number(s) with Defendants or any of them, and, if represented by counsel, counsel's name, address, telephone number, and electronic mail address ; (ii) the full case name and number (*Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Services Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH)); (iii) a statement that the objecting Settlement Class Member is a Settlement Class Member; (iv) a statement of each objection asserted; (v) a detailed description of the facts underlying each objection; (vi) a detailed description of the legal authorities supporting each objection; (vii) a statement of whether the objecting Settlement Class Member intends to appear

and speak at the Fairness Hearing; and (viii) the signature of the Objecting Class Member, personally signed by the objecting Settlement Class Member and not by any representative or counsel. In addition, if applicable, all objections shall include: (i) the number of times in which the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has objected to a class action settlement within the five (5) years preceding the date that the objecting Settlement Class Member files the objection and the caption of each case in which such objection was made; and (ii) a statement disclosing any consideration that the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five (5) years preceding the date that the objecting Settlement Class Member files the objection. If the objecting Settlement Class Member or the objecting Settlement Class Member's counsel has *not* objected to any other class action settlement in any court in the United States in the previous five (5) years, the objection must affirmatively so state. Any papers not filed and served in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

The filing of an objection allows Class Counsel or Defendants' Counsel to take the deposition of the objecting Settlement Class Member consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and/or to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting Settlement Class Member to make himself or herself available for a deposition or otherwise comply with expedited discovery requests may result in the Court striking the objection and otherwise denying the objecting

Settlement Class Member the opportunity to make an objection or be further heard. The Court may tax the costs of any such discovery to the objecting Settlement Class Member or the objecting Settlement Class Member's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, must file with the Court and serve, on Defendants' Counsel and on Class Counsel, no later than twenty (20) days before the date of the Fairness Hearing, a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing.

Any memorandum or other material the Parties wish to submit in response to any objections to the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, or otherwise in support of the Settlement Class, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made in writing and, no later than ten (10) days before the Fairness Hearing, filed with this Court and served on each other and any objectors.

### D. Deadline for Class Counsel to File Papers in Support of Final Approval of Settlement and Fee Application

No later than twenty-one (21) days before the deadlines for Requests for Exclusion and for Filing Objections and Requests to Appear, Class Counsel shall file with this Court, and serve on Defendants, Class Counsel's Application, pursuant to the Settlement Agreement, their papers

in support of final approval of the Settlement and their Application for an award of attorneys' fees and reimbursement of costs incurred in the Action and for awards to Plaintiffs.

## V. STAY OF PROCEEDINGS

Pending final determination of whether the Settlement should be approved, Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Releasee. Pending the Fairness Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: ________________, 2017

________________________________
Kevin McNulty, U.S.D.J.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICE PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br><br>Defendants. | Case No. 2:14-cv-4464 (KM)(MAH)<br><br>Hon. Kevin McNulty, U.S.D.J.<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

**If you are in New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, the District of Columbia, and Pennsylvania, and you switched gas and/or electric service to U.S. Gas & Electric, Inc. and/or Energy Services Providers, Inc. or their subsidiaries, a class action settlement may affect your rights.**

***You Are Not Being Sued.***

*The U.S. District Court in the District of New Jersey has authorized this notice.*
*This is not a solicitation from a lawyer.*

- This notice concerns a class action lawsuit in New Jersey federal court against two Defendants, U.S. Gas & Electric, Inc. and Energy Service Providers, Inc., and their subsidiaries. In this lawsuit, Plaintiffs allege that Defendants misrepresented and failed to disclose material facts regarding the true nature of their pricing for gas and/or electric services when marketing and selling those services to persons and entities in certain states. For example, Plaintiffs allege that Defendants represented that their pricing was "competitive" with local utilities that provided such services when, in fact, it was not competitive with, but actually far higher than the charges of such other companies during periods of extreme or protracted bad weather, which Defendants allegedly knew would be the case. Although this lawsuit is being settled, Defendants deny all of Plaintiffs' allegations.

- A settlement is a compromise of the parties' respective positions. In this lawsuit, the parties have agreed that Defendants will establish a Settlement Fund of $1,825,000, from which each Settlement Class Member will be sent a check in an amount equal to the Settlement Fund plus any accrued interest, divided by the number of Settlement Class Members. Settlement Class Members do not need to do anything in order to receive payment from the Settlement Fund. No claim form or other action is necessary.

- Settlement Class Members include all persons or entities in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia who, from January 1, 2008 to February 10, 2017, entered into a gas and/or electric supply service plan with U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. or either of them, or their subsidiaries, as well as all persons or entities in the State of Pennsylvania who entered into a gas supply service plan with Defendants or either of them or their subsidiaries.

- Read this notice in its entirety carefully because your legal rights will be affected whether you act or not.

- For more information, visit **www.usgesettlement.com** or call 1-800-000-0000.



640469.1
130630.00602/105035616v.1
130630.00602/105076327v.1

**SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**Do Nothing.** If you are a Settlement Class Member, then you do not need to do anything to receive payment. However, you must understand that this means you are giving up your right to pursue any claims in the future against U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. or their subsidiaries related to their marketing and sales practices for gas and electric services.

**Opt Out.** Write to ______________ if you do not want to be included in the settlement. The answers to the questions below set forth the information that your writing must include. ***Deadline to Opt Out:*** _________.

**Object.** Write to the Court and to the lawyers for Plaintiffs and Defendants if you do not like the settlement. As set forth in the answers to the questions below, you may attend a hearing on the fairness of the settlement, if you give adequate notice of your objection. ***Deadline to Object:*** _________.

These rights and options -- **and the deadlines by which to exercise them** -- are explained in this Notice.

The Court that is supervising this lawsuit has preliminarily approved the settlement but still has to decide whether to grant "final approval," which the Court will decide after considering opt-outs and objections. **The final approval hearing will occur on __________, 2017.** Settlement benefits will be distributed only after final approval and the resolution of any class members' appeals of the Court's final approval order. Please be patient.

## BASIC INFORMATION

### 1. Why was this Notice issued?

The Court issued this Notice because you have a right to know about a proposed settlement of a class action lawsuit that the Court has preliminarily approved. You also are entitled to know all of your options. If the Court grants final approval and any appeals from this final approval are resolved (this date will be referred to as the "Settlement Effective Date"), valuable benefits will be distributed to you if you are a member of the Settlement Class.

### 2. What are these lawsuits about?

The people who filed the class action, Patricia and Vincent Vitale (who are spouses), are the "Plaintiffs" and U.S. Gas & Electric, Inc. and Energy Service sProviders, Inc. are the "Defendants." The class action lawsuit (*Patricia Vitale and Vincent Vitale, on behalf of themselves and all other similarly situated, v. U.S. Gas & Electric, Inc., d/b/a N.J. Gas & Electric*, Civil Action No. 2:14-cv-4464-KM-MAH) claims that Defendants used improper marketing and sales practices (such as claiming Defendants' rates were "competitive" with those of local utilities when, in fact, at least in periods of extreme or protracted bad weather they allegedly were not), which induced persons and entities to switch their gas and/or electric services to Defendants.

Plaintiffs assert legal claims on behalf of themselves and all members of the Settlement Class, which includes:

> Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who, from January 1, 2008 to February 10, 2017, entered into a gas and/or electric supply service plan with Defendants or either of them or their subsidiaries.
>
> - and -
>
> Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas supply service plan with Defendants or either of them or their subsidiaries.

The settled claims include claims that Defendants violated the New Jersey Consumer Fraud Act, the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, or consumer protection statutes in other affected states. Plaintiffs seek injunctive relief (meaning, a Court order banning Defendants' allegedly deceptive practices), declaratory relief (meaning, a Court order declaring that Defendants' practices were deceptive), compensatory damages (meaning, money to Settlement Class Members), punitive damages (meaning, money meant to punish Defendants for their allegedly deceptive conduct), and attorneys' fees and costs. Defendants deny Plaintiffs' claims and charges, as well as any wrongdoing.

In settling these cases, Defendants have agreed to provide checks to members of the Settlement Class. More information can be found at **www.usgesettlement.com**; by contacting Epiq Class Action & Claims Solutions, Inc.at 1-800-000-0000; or by contacting Plaintiffs' Lead Counsel, Bruce D. Greenberg, Esq., Lite DePalma Greenberg, LLC, 570 Broad Street, Suite 1201, Newark, New Jersey 07102, bgreenberg@litedepalma.com.

**3. Why are these cases class actions?**

In a class action, one or more persons, called "Class Representatives," sue on behalf of those with similar claims. All of these people together are called a "Class" and, individually, are called "Class Members." The Court appointed Plaintiffs as Class Representatives for purposes of this settlement. This settlement resolves all of the factual and legal issues for all of the Class Members, except for those who specifically and timely ask to be excluded from the Class ("opt out").

**4. Why is there a settlement?**

The Court did not decide in favor of either Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the uncertainty and cost of a trial. The Class Representatives and the attorneys appointed by the Court to represent the Class believe that the settlement is in the best interests of all Settlement Class Members because the settlement makes available $1,825,000.00 in benefits to Settlement Class Members and avoids the risk that the Class might ultimately lose this case and receive nothing at all.

**WHO IS INCLUDED IN THE SETTLEMENT?**

**5. How do I know if I am part of the settlement?**

The Settlement Class includes all persons or entities in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio or the District of Columbia who, from January 1, 2008 to February 10, 2017, entered into a gas and/or electric supply service plan with U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. or either of them, or their subsidiaries, as well as all persons or entities in the State of Pennsylvania who entered into a gas supply service plan with Defendants or either of them, or their subsidiaries.

If you are a member of the Settlement Class, you will be sent a check in an amount equal to the Settlement Fund plus any accrued interest, divided by the number of Settlement Class Members. You do not need to do anything in order to receive payment from the Settlement Fund. No claim form or other action is necessary.

If you are not part of the Settlement Class as defined above, then you are not included in this Settlement and will not receive settlement benefits.



640469.1
130630.00602/105035616v.1
130630.00602/105076327v.1

**6. Are there exceptions to being included in the settlement?**

Excluded from the Settlement Class are all judges to whom this lawsuit is assigned, and the staff of those judges. Also excluded are Defendants' officers, directors and counsel of record, as well as all of Defendants' employees. Any members of the Settlement Class who properly and timely exclude themselves will also be excluded from the Settlement Class, along with any persons or entities who have already had adjudicated in legal proceedings other than this lawsuit the same or similar claims as those alleged in in this lawsuit.

**7. What if I am not sure whether I am included in the settlement?**

If you are not sure whether you are included in the Settlement Class, you may visit **www.usgesettlement.com** for more information, or you may contact Plaintiffs' Lead Counsel, Bruce D. Greenberg, Esq., Lite DePalma Greenberg, LLC, 570 Broad Street, Suite 1201, Newark, New Jersey 07102, bgreenberg@litedepalma.com.

**THE SETTLEMENT BENEFITS: WHAT YOU CAN GET**

**8. What does the settlement provide?**

The Settlement creates a Settlement Fund of $1,825,000, and each Settlement Class Member will be sent a check in an amount equal to the Settlement Fund plus any accrued interest, divided by the number of Settlement Class Members. Settlement Class Members do not need to do anything in order to receive payment from the Settlement Fund.

**9. What do I have to do to receive payment under the settlement?**

Nothing. No claim form or other action is necessary. As long as you are a member of the Settlement Class, a check will be sent to you at the postal address that that Epiq Class Action & Claims Solutions, Inc.has on file.

**10. When will I get my check?**

The Court will hold a Final Approval Hearing on __________, 2017. At that time, the Court will decide whether to approve the settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether the appeals can be resolved and resolving them can take time. Checks will be sent only after the Court grants final approval of the Settlement and any appeals are resolved. Please be patient.

If you change your postal address before Settlement benefits are issued, you should update your information online at **www.usgesettlement.com** or by sending a letter to Epiq Class Action & Claims Solutions, Inc.to ensure that you receive your payment. Remember, payments will be sent to the postal addresses that Epiq Class Action & Claims Solutions, Inc.has on file, so it is important that you update these addresses if they change before the Settlement benefits are distributed.

**11. What rights am I giving up against Defendants to get a payment and to stay in the Class?**

If you are a Settlement Class Member when the Settlement becomes final, you will be releasing Defendants and their officers, directors, employees, and related corporate entities from any liability or claims. The specific terms of the release are set forth in the parties' Settlement Agreement, which you can review at **www.usgesettlement.com**.

## THE LAWYERS REPRESENTING PLAINTIFFS

**12. Do I have a lawyer in this case?**

Yes. Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. represent you and the other Settlement Class Members. The Court has appointed these two law firms as Plaintiffs' Lead Counsel for this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid?**

Plaintiffs' Counsel will ask the Court for attorneys' fees and expenses, to be paid by Defendants in addition to the amount payable to Settlement Class Members from the Settlement Fund. Defendants have agreed not to oppose Plaintiffs' Counsel's request for these fees and expenses up to $500,000. The Court may or may not approve that request. Importantly, none of these fees or expenses will come out of the cash or discounts to be received by Settlement Class Members. To earn these fees and expenses, Plaintiffs' counsel spent time and resources investigating this lawsuit before filing it, filing this lawsuit, successfully opposing Defendants' efforts to dismiss this lawsuit, and negotiating the Settlement. For these efforts, they have not been paid. They also faced the risk that they might never get paid for their efforts. Plaintiffs' counsel also spent thousands of dollars of their own money pursuing these cases, and they faced the risk that those expenses might never be reimbursed.

Defendants are paying the costs of this and other notice to the Settlement Class; they are also paying to administer this Settlement. These notice and administrative amounts will not come out of the funds for benefits to Settlement Class Members. Finally, no Settlement Class Member will pay anything.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14. If I would prefer not to participate in the settlement, what do I do?**

You may exclude yourself from (or "opt out" of) the Settlement if you are a person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, or the District of Columbia who, from January 1, 2008 to February 10, 2017, entered into a gas and/or electric supply service plan with U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. or either of them, or their subsidiaries, or if you are a person or entity in the State of Pennsylvania who entered into a gas supply service plan with Defendants or either of them, or their subsidiaries during that same time period.

To opt out, you must submit a writing that is (i) personally signed by you, (ii) clearly expresses your desire to opt out from the Settlement Class in *Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Service Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH), and (iii) include your name, address, telephone number, and email address, if any. If you are represented by counsel, the writing must also include your counsel's name, address, telephone number, and email address.

You must mail your exclusion request to Epiq Class Action & Claims Solutions, Inc.at [ADDRESS], and it must be postmarked no later than ____________, 2017, or it will not be accepted.

If you do not specifically request to be excluded by following the directions above, you will automatically be a member of the Settlement Class.

**15. If I exclude myself, will I still get a payment from this settlement?**

No. If you opt out of the Settlement Class, you will not be eligible for any settlement benefits, and will waive all rights to object to the settlement. Similarly, if you file an objection to the settlement with the Court, you will not be able to exclude yourself from the Settlement Class.

**16. If I don't exclude myself, can I sue Defendants for the same claims later?**

If the proposed settlement is approved and you are a Settlement Class Member who does not properly and timely exclude yourself from the Settlement Class, all claims that you may have now or in the future against Defendants with respect to their marketing and sales practices and rates charged in connection with gas and electric services will be **WAIVED AND RELEASED,** and you will be prohibited from bringing any such claims in the future on your own behalf, as provided in the parties' Settlement Agreement.

## OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court that I like or don't like the settlement?**

If you are a Settlement Class Member, you can express approval of or objection to the settlement. You also can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via first-class United States Mail to the Court saying that you object to the terms of the settlement in *Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Services Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH), by no later than __________________, 2017, at the following address:

Clerk of the Court
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse

50 Walnut Street
Newark, NJ 07101

Any written objection must include: (i) the objecting Settlement Class Member's name, address, telephone number, electronic mail address, if any, account number(s) with Defendants or any of them, and, if represented by counsel, counsel's name, address, telephone number, and electronic mail address; (ii) the full case name and number (*Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Services Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH)); (iii) a statement that the objecting Settlement Class Member is a Settlement Class Member; (iv) a statement of each objection asserted; (v) a detailed description of the facts underlying each objection; (vi) a detailed description of the legal authorities supporting each objection; (vii) a statement of whether the objecting Settlement Class Member intends to appear and speak at the Fairness Hearing; and (viii) the signature of the Objecting Class Member, personally signed by the objecting Settlement Class Member and not by any representative or counsel. In addition, if applicable, all objections shall include: (i) the number of times in which the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has objected to a class action settlement within the five years preceding the date that the objecting Settlement Class Member files the objection and the caption of each case in which such objection was made; and (ii) a statement disclosing any consideration that the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five (5) years preceding the date that the objecting Settlement Class Member files the objection. If the objecting Settlement Class Member or the objecting Settlement Class Member's counsel has *not* objected to any other class action settlement in any court in the United States in the previous five (5) years, the objection must affirmatively so state. Any papers not filed and served in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

You must also deliver the objection to Plaintiffs' counsel and Defendants' counsel at the following addresses, so that it is received by no later than ___________, 2017.

LEAD COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS:

Bruce D. Greenberg, Esq.
Lite DePalma Greenberg, LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102

ATTORNEYS FOR DEFENDANTS:

Stephen M. Orlofsky, Esq.

Blank Rome LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540

**18. What's the difference between objecting to the settlement and excluding myself from it?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class (meaning you do not exclude yourself). If you exclude yourself, you cannot object because the case no longer affects you. Likewise, if you file an objection to the Settlement with the Court, you cannot exclude yourself from the Settlement Class.

## THE COURT'S FAIRNESS HEARING

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing before the Honorable Kevin McNulty at _______ a.m./p.m. on __________, 2017, at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will consider any objections. The Court also will decide how much to pay Plaintiffs' Counsel. At or after the hearing, the Court will decide whether to grant final approval of the settlement. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions that Judge McNulty may have. However, you are welcome to come at your own expense. You also may pay your own lawyer to attend the Final Approval Hearing on your behalf. If you send an objection, you don't have to come to Court to discuss it. As long as your written objection is received before the deadline and you have followed the directions contained in answer to Question 17, the Court will consider everything that you have to say.

**21. May I speak at the hearing?**

That will be up to Judge McNulty. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying it is your "Notice of Intention to Appear in *Patricia Vitale and Vincent Vitale, on behalf of themselves and all other similarly situated, v. U.S. Gas & Electric, Inc., d/b/a N.J. Gas & Electric*, Civil Action No. 2:14-cv-4464-KM-MAH." You must include your name and address, as well as the name, address, and telephone number of any attorney who will appear at the Final Approval Hearing on your behalf. Your request must also indicate that you timely objected to the Settlement according to the directions contained in answer to Question 17.

Your letter must state that you are a member of the Settlement Class. You must sign your letter and list the specific reasons why you wish to speak at the Final Approval Hearing, as well as any grounds for your objection.

You must file your Notice of Intention to Appear with the Clerk of the Court at the address listed in answer to Question 18 no later than ____________, 2017. You must include the phrase "*Patricia Vitale and Vincent Vitale, on behalf of themselves and all other similarly situated, v. U.S. Gas & Electric, Inc., d/b/a N.J. Gas & Electric*, Civil Action No. 2:14-cv-4464-KM-MAH" below the Court's address on the envelope containing your notice. Your notice must also be received by Plaintiffs' counsel and Defendants' counsel at the addresses listed in Answer 18 no later than ______________, 2017.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing, you will be a member of the Settlement Class, you will receive a payment under the Settlement, and you will waive and release all claims that you may have now or in the future have against Defendants with respect to their marketing and sales practices and rates charged in connection with gas and electric services.

## GETTING MORE INFORMATION

### 23. Are there more details about the settlement?

This notice summarizes the proposed Settlement. More details are in the parties' Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www.usgesettlement.com.

### 24. How do I get more information?

If you think you may be a Settlement Class Member, you may review the papers on file in these lawsuits, including the Court's Order regarding the Preliminary Approval of Class Settlement and the Settlement Agreement, during weekdays (normal business hours), at the Clerk's Office, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey. More information, including settlement papers and other documents, are available at the Settlement website, www.usgesettlement.com.

**PLEASE DO NOT CONTACT THE COURT DIRECTLY WITH QUESTIONS ABOUT THE SETTLEMENT.**

Dated: ____________, 2017

# EXHIBIT 2

# SUMMARY NOTICE OF PROPOSED MULTI-STATE CLASS ACTION SETTLEMENT

**IF, BETWEEN JANUARY 1, 2008 AND FEBRUARY 10, 2017, YOU WERE EITHER:**

**A) FROM NEW JERSEY, CONNECTICUT, ILLINOIS, INDIANA, KENTUCKY, MARYLAND, MASSACHUSETTS, MICHIGAN, OHIO OR THE DISTRICT OF COLUMBIA, *AND* ENTERED INTO A GAS AND/OR ELECTRIC SUPPLY SERVICE PLAN WITH U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC., OR THEIR SUBSIDIARIES**

***OR***

**B) FROM PENNSYLVANIA *AND* ENTERED INTO A GAS SUPPLY SERVICE PLAN WITH U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC., OR THEIR SUBSIDIARIES**

**THEN YOU COULD BENEFIT FROM A CLASS ACTION SETTLEMENT.**

**This Legal Notice May Affect Your Rights. Please Read It Carefully.**

A settlement has been proposed in a class action lawsuit (*Patricia Vitale and Vincent Vitale, on behalf of themselves and all other similarly situated, v. U.S. Gas & Electric, Inc., d/b/a N.J. Gas & Electric*, Civil Action No. 2:14-cv-4464-KM-MAH) about certain marketing and sales practices used by Defendants U.S. Gas & Electric, Inc., Energy Services Providers, Inc., and their subsidiaries in connection with their gas and electric services. The U.S. District Court for the District of New Jersey authorized this notice and will decide whether to approve the settlement.

## What is the case about?

Plaintiffs allege that Defendants misrepresented and failed to disclose material facts regarding the true nature of their pricing for gas and electric services. Defendants deny these allegations. The Settlement creates a Settlement Fund of $1,825,000, and each Settlement Class Member would be sent a check in an amount equal to the Settlement Fund plus any accrued interest, divided by the number of Settlement Class Members.

## Who's included?

"Settlement Class Members" are all persons or entities in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio and the District of Columbia who, from January 1, 2008 to February 10, 2017, entered into a gas or electric supply service plan with U.S. Gas & Electric, Inc., Energy Services Providers, Inc., or their subsidiaries, as well as all persons or entities in the State of Pennsylvania who entered into a gas supply service plan with U.S. Gas & Electric, Inc., Energy Services Providers, Inc., or their subsidiaries.

## How do you get benefits?

You do not need to do anything in order to receive payment from the Settlement Fund. No claim form is required. A check will be sent to you automatically if the settlement is approved by the Court.

## What are your options?

The Court will hold a Fairness Hearing at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101 on __________, 2017 at __:__ _.m. to determine whether the settlement is fair, reasonable and adequate and to consider Class Counsel's applications for attorneys' fees and expenses of up to $500,000.00 and for a single award up to $2,500.00 for Patricia Vitale and Vincent Vitale, all to be paid by Defendants. If you wish, you or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to. If the Settlement is approved by the Court, and you do not exclude yourself, you will be bound by the judgment and you will release legal claims that you may have against Defendants related to Defendants' gas and electric services. If you do not wish to be bound by the Settlement, you must mail a written request for exclusion to *XXXX Class Settlement*, Settlement Administrator, P.O. Box ____, CITY, ST ZIP postmarked by __________, 2017. Or, you may file a formal written objection to the Settlement with the Court, with copies to counsel for Plaintiffs and Defendants, which must be postmarked by __________, 2017.

**This notice is only a summary.** For more information, visit www.usgesettlement.com, or call 1-800-000-0000. Do not contact the Court or Defendants.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br>Defendants. | Case No. 2:14-cv-4464 (KM)(MAH)<br><br>Hon. Kevin McNulty, U.S.D.J. |

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT**

Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. (collectively, "USGE" or "Defendants," and together with Plaintiffs, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement"). The Parties previously submitted the Settlement Agreement to this Court for preliminary approval of the class action settlement provided for in the Settlement Agreement (the "Settlement"). On _______________, 2017, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order"). On _______________, 2017, the Parties filed a declaration confirming the timely notice to the Settlement required by the Preliminary Approval Order. Now, the matter having come before the Court for hearing on _______________, 2017, on the Parties' request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter, the Court finds and concludes that it has jurisdiction over the Parties and the subject matter and finds, concludes, and orders as follows:

## I. JURISDICTION OF THE COURT

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CLASS CERTIFICATION

In the Preliminary Approval Order, this Court granted conditional class certification to the following nationwide Settlement Class:

> Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who, from January 1, 2008 to February 10, 2017, entered into a gas or electric service supply plan with Defendants or either of them.
>
> Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas service supply plan with Defendants or either of them
>
> Excluded from the Settlement Class are all judges to whom the Action is assigned and the staff of those judges; the officers, directors and counsel of record of Defendants; all employees of Defendants; any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order; and any putative Settlement Class Members who have already had adjudicated in legal proceedings other than this action the same or similar claims as those alleged in this action.

The Court preliminarily found and concluded that the Settlement Class satisfied all the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws; appointed Patricia Vitale and Vincent Vitale as class representatives; and appointed the law firms of Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. as Class Counsel for the Settlement Class. Having

considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes that the provisions of the Preliminary Approval Order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class, appointing Epiq Class Action & Claims Solutions, Inc.as the Settlement Administrator, and appointing Class Counsel should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the multistate class settlement provided for in the Settlement Agreement and Settlement, and entering final judgment in this Action.

## III. NOTICE

The Preliminary Approval Order approved: (1) the form and content of the notice of Settlement to be provided to members of the Settlement Class; and (2) the plan specified in the Settlement Agreement and the Notice Plan for distributing the Summary Notice and Settlement Notice.

The Summary Notice and Settlement Notice fairly, accurately, and reasonably informed members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about the right of Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses ("Application"), and the procedures to do so.

The Summary Notice and Settlement Notice fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for

filing objections, they would lose any opportunity to have any objection considered by this Court at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing the Summary Notice and Settlement Notice has been implemented and has provided to the Settlement Class reasonable notice of the Settlement. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who may not already have received notice pursuant to that distribution plan. The Preliminary Approval Order required the Settlement Administrator to send the Summary Notice to those Settlement Class Members for whom Defendants have an email address and by first-class United States Mail to all other Settlement Class Members. The Preliminary Approval Order also required that before the Settlement Administrator distributed copies of the Summary Notice, the Settlement Administrator had to obtain or cause to be obtained address updates using a National Change of Address database and use any updated addresses when mailing. The Preliminary Approval Order also required that the Settlement Notice be posted on the Settlement Website, www.usgesettlement.com.

The Preliminary Approval Order required Defendants to file or cause to be filed with the Court a declaration of compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, Defendants have filed the required declaration. Additionally, Defendants' Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such

notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

## IV. PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

The Settlement Administrator received requests for exclusion from the Settlement Class and has provided Class Counsel and Defendants' Counsel copies of those requests. Class Counsel and Defendants' Counsel have filed with the Court a list of all requests for exclusion received by the Settlement Administrator. All persons named in the list attached hereto as Exhibit 1 are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class to receive the benefits described in Section II-5 of the Settlement Agreement. The Settlement Agreement provides these benefits to the Settlement Class even though Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the Action and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the value of the benefits to be provided by the Settlement to the Settlement Class; (2) the defenses asserted by Defendants, as to both litigation class certification and the merits; (3) the risks to the members of the Settlement Class that Defendants would successfully defend against class certification and/or against the merits of the claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the

Settlement Class themselves or on their behalf in a class action; and (4) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement is fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and discovery conducted by Plaintiffs, Class Counsel, and Defendants, and a protracted, arm's-length negotiation process facilitated by a mediator, and the Settlement is not in any way the product of collusion.

Accordingly, having considered the foregoing, the number of putative Settlement Class Members who have requested to be excluded from the Settlement, the level of opposition to the Settlement, the strength and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Defendants, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the Parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement and enters this Final Approval Order implementing its terms. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the Definitions set forth in the Settlement Agreement.

## VI. ADMINISTRATION OF THE SETTLEMENT

For the purposes of consummating the administration of the Settlement, the Court orders as follows:

1. Defendants will provide benefits as outlined in Section II-4 of the Settlement Agreement.

2. The Court hereby awards one sum of $2,500 to Plaintiffs Patricia Vitale and Vincent Vitale in compensation for the time, effort, and risk they undertook on behalf of the Settlement Class. These amounts shall be paid from the attorneys' fees awarded to Class Counsel by the Court.

3. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Plaintiffs' Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Plaintiffs' Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Plaintiffs' Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and its experienced and capable counsel; (e) Plaintiffs' Counsel have contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's Application and have approved the Settlement; and (f) the Notice informed the Settlement Class of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Application in time for Settlement Class Members to make a meaningful decision whether to

object to the Class Counsel's Application, and only ______ Settlement Class Members objected, none of which objections are meritorious. For these reasons, the Court hereby approves Class Counsel's Application and awards to Class Counsel attorneys' fees and expenses in the amount of $500,000.00.

4. Defendants shall pay the awards to Class Counsel in accordance with the Settlement Agreement. Any amounts paid before the Effective Date are subject to Class Counsel's obligation to make appropriate repayments to Defendants, if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the fee or cost award is reduced or reversed.

## VII. RELEASES AND EFFECT OF SETTLEMENT AGREEMENT

### A. Releases

In consideration of the terms of the Settlement Agreement, all Settlement Class Members, including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees.

"Released Claims" means any and all claims, actions, causes of action, demands, debts, liens, offsets or liabilities, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent the Settlement Agreement, may in the future have, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that (a) has been alleged in the Action or (b) could have been alleged in the

Action or in another court action and relates (i) to the rates charged to customers by Defendants' in connection with their gas or electric supply plans, or (ii) to any act, omission, damage, matter, cause, or event whatsoever arising out of or related to the initiation, defense, or settlement of the Action or the claims or defenses asserted or that could have been asserted in the Action. Notwithstanding the foregoing, or any other term of this Order, nothing in this Order, including but not limited to the definition of "Released Claims," shall be construed to prohibit Settlement Class Members from participating in or receiving benefits from an governmental or regulatory enforcement action if in any such action it is finally determined that the governmental or regulatory agency may seek such benefits on behalf of a group that includes Settlement Class Members.

"Releasees" means: (a) Defendants, together with their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and (b) each of their respective past, present, and future owners, shareholders, officers, directors, agents, representatives, employees, attorneys, and insurers.

In consideration of the terms of the Settlement Agreement, Defendants and the other Releasees, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Defendants now have against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action or the claims and defenses asserted in the Action (the "Released Defendants' Claims"). The Released Defendants' Claims do not include claims to enforce the Settlement.

With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon both the entry of this Final Approval Order, and the passing of the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and the Releasees shall be deemed to have waived, and by operation of this Final Approval Order shall have waived, relinquished and released any and all provisions, rights and benefits conferred by or under any law of the United States or any state of the United States or territory of the United States, or principle of common law that governs or limits a person's release of unknown claims.

The Parties acknowledge that they understand the significance and consequence of this release and specific waiver. It is the intention of Plaintiffs and Defendants, and by operation of law, the Settlement Class Members and the Releasees, to completely, fully, finally and forever extinguish any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge, and the Settlement Class Members and the Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of this waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Parties in entering into the Settlement Agreement.

**B. Settlement Agreement as Exclusive Remedy for Released Claims**

Upon the entry of this Final Approval Order: (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby

permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim. Settlement Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

### C. Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Defendants' stipulation to certification of the Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Action as those positions existed on October 10, 2016, when the Parties reached an agreement-in-principle to settle.

The final Court-ordered amount of any award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs is a matter separate and apart from the Settlement Agreement and this Final Approval Order. Neither the decision by the Court concerning the award of attorneys' fees and expenses to Class Counsel nor any appeal of the Court's order concerning an award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs shall affect the validity or finality of the Settlement.

## VIII. NO ADMISSION OF LIABILITY

The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or

administrative action or proceeding, whether in law or in equity, regardless of whether the Settlement Agreement ultimately becomes effective.

## IX. ENTRY OF FINAL JUDGMENT

The Second Amended Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs as against Defendants. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. The Court further orders the entry of, and hereby enters, this Final Approval Order. The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Final Approval Order, as well as all other matters relating to the administration and consummation of the Settlement.

IT IS SO ORDERED.

Dated: ________________, 2017

______________________________
Kevin McNulty, U.S.D.J.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br><br>Defendants. | Case No. 2:14-cv-4464 (KM)(MAH)<br><br>Hon. Kevin McNulty, U.S.D.J. |

# [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT

On February 10, 2017, Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife (together, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants U.S. Gas & Electric, Inc., Energy Services Providers, Inc., and their subsidiaries (collectively, "USGE" or "Defendants," and together with Plaintiffs, the "Parties") executed a proposed Settlement Agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, Plaintiffs moved for entry of an order granting preliminary approval to the settlement (the "Settlement") provided for in the Settlement Agreement. Having reviewed the Settlement Agreement and considered the submissions in support of preliminary approval of the Settlement, the Court now finds, concludes, and orders as follows:

## I. CERTIFICATION OF A MULTI-STATE SETTLEMENT CLASS[1]

The Settlement Agreement provides for a multi-state class settlement of the claims that

[1] With respect to gas or electric supply service plans, the multi-state settlement class includes the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio and the District of Columbia. With respect to gas supply service plans only, the multi-state settlement class also includes the State of Pennsylvania.

are the subject of this litigation.

A. The Court has considered: the (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval of the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue, and individualized issues of fact and law that could have had a bearing on the certification of a multi-state class for trial in this case. Based on those considerations, the Court hereby finds as follows:

1. Defendants are third-party providers of gas and electric supply services to residents and companies throughout the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, the District of Columbia, and Pennsylvania. Defendants' customers comprise these residents and companies. The number of Defendants' customers satisfies the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure.

2. There are questions of law and fact common to all members of the Settlement Class based on Defendants' marketing, sales, and rates in connection with the provision of gas and electric supply services. Such questions include, but are not necessarily limited to, the following:

a. Whether the automated voice language and/or standardized scripts used in Defendants' telephonic interactions with Plaintiffs and members of the Settlement Class contained misrepresentations, concealments, and/or omissions of



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

material facts concerning the rates Defendants charged for supplying gas and electric service compared to local utility companies;

b. Whether Defendants' "Welcome Packages" and/or terms and conditions provided to Plaintiffs and members of the Settlement Class contained misrepresentations, concealments, and/or omissions of material facts concerning the rates Defendants charged for supplying gas and electric service compared to local utility companies;

c. Whether Defendants engaged in fraudulent practices by inducing Plaintiffs and members of the Settlement Class to switch gas and/or electric suppliers;

d. Whether Defendants' alleged acts in inducing Plaintiffs and members of the Settlement Class to switch gas and/or electric suppliers violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA");

e. Whether, by allegedly violating the NJCFA, Defendants violated clearly established rights of Plaintiffs and members of the Settlement Class, or the responsibilities of Defendants, in violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 *et seq.* ("TCCWNA");

f. Whether Plaintiffs and members of the Settlement Class are entitled to damages, restitution, injunctive and/or monetary relief, and the amount and nature of same; and

g. Whether Plaintiffs and members of the Settlement Class are entitled to reimbursement of the amounts charged by Defendants in excess of what would have been charged had Plaintiffs and members of the Settlement

Case 2:14-cv-04464-KM-MAH Document 52 Filed 04/24/17 Page 4 of 15 PageID: 640

Class not switched their gas and/or electric supplier to Defendants, as well as any fees incurred in connection with switching to Defendants.

3. Plaintiffs' claims are typical of the claims of the Settlement Class. Plaintiffs are members of the Settlement Class and allege that they have been damaged by the same conduct of Defendants that they allege has damaged other members of the Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiffs and members of the Settlement Class are based upon corresponding theories.

4. The Settlement Class is ascertainable. All of the members of the Settlement Class were Defendants' customers, who can readily be identified from Defendants' records.

5. Plaintiffs are adequate class representatives who can fairly, fully, and adequately protect the interests of the Settlement Class. Class Counsel too are adequate, as they are experienced in prosecuting complex class action litigation. Plaintiffs and their counsel have no interests that conflict with, or are adverse to, the interests of the Settlement Class.

6. The common questions of law and fact identified above predominate over any questions affecting only individual members for settlement purposes.

7. A multi-state class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B. Pursuant to Federal Rule of Procedure 23(b)(3), the Court hereby preliminarily certifies the following Settlement Class for settlement purposes only:

> Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who,



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

from January 1, 2008 to February 10, 2017, entered into a gas or electric service supply plan with Defendants or either of them.

Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas service supply plan with Defendants or either of them.

Excluded from the Settlement Class are all judges to whom this Action is assigned, and the staff of those judges, the officers, directors and counsel of record of Defendants, and all employees of Defendants, any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Order, and any putative class members who have already had adjudicated in legal proceedings other than this Action the same or similar claims as those alleged in this Action.

C. Patricia Vitale and Vincent Vitale are appointed as the representatives of the Settlement Class, and the law firms of Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. are appointed as Class Counsel for the Settlement Class.

D. If, for any reason, the Settlement Agreement should fail to become effective, Defendants' stipulation to certification of the Settlement Class, or to any other class or subclass, shall be null and void, and the Parties shall return to their respective positions in the Action as those positions existed on October 10, 2016, when the Parties reached an agreement-in-principle to settle. Nothing stated in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Action.

## II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

Defendants have at all times disputed, and continue to dispute, Plaintiffs' factual allegations in the Action and to deny any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class.

A. The Settlement requires Defendants to provide specified benefits to each member of the Settlement Class, without the need for any member of the Settlement Class to submit a

claim. Defendants shall pay the sum of $1,825,000.00 into an interest-bearing account ("the Settlement Fund Account"). Following the Court's entry of a Final Approval Order, the Settlement Administrator shall transmit checks from the Settlement Fund Account to each Settlement Class Member in an amount, for each Settlement Class Member, equal to the Settlement Fund plus any accrued interest, divided by the number of Settlement Class Members.

B. On a preliminary basis, therefore, taking into account: (1) the value and certainty of the benefits to be provided by the Settlement to the Settlement Class; (2) the defenses asserted by Defendants, as to both litigation class certification and the merits; (3) the risks to the members of the Settlement Class that Defendants would successfully defend against class certification and/or against the merits of the claims arising out of the facts and legal theories asserted in this Action, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; and (4) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement appears fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous motion practice and extensive, contentious, and arms-length negotiations facilitated by a mediator (Hon. Joel M. Rosen, U.S.M.J. (Ret.)), and the Settlement is not in any way the product of collusion. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

C. Accordingly, the Settlement Agreement and corresponding Settlement are hereby preliminarily approved.

D. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Settlement Agreement.

## III. APPROVAL OF THE SUMMARY NOTICE AND THE SETTLEMENT NOTICE AND THE PLAN FOR DISTRIBUTING THE NOTICES

As provided for in the Settlement Agreement, the Parties have submitted a proposed Summary Notice, a copy of which is attached to this Order as Exhibit 1; and a proposed Settlement Notice, a copy of which is attached to this Order as Exhibit 2. Having reviewed each, the Court finds and concludes as follows:

A. Distribution of the Summary Notice and the Settlement Notice, in substantially the forms attached hereto, through the methodology and plan described in the Settlement Agreement is the only notice required, and such notice satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

B. The Summary Notice and the Settlement Notice fairly, accurately, and reasonably inform members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; and (3) appropriate information about how to object to or exclude themselves from the Settlement, if they wish to do so. The Summary Notice and the Settlement Notice also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered

Case 2:14-cv-04464-KM-MAH Document 52 Filed 04/24/17 Page 8 of 15 PageID: 644

at the Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

Accordingly, the Court hereby orders as follows:

1. The form and content of the proposed Summary Notice and Settlement Notice are hereby approved. The proposed Notice Plan is hereby approved and notice shall be given to the Settlement Class as provided by the notice methodology described in the Settlement Agreement and the Notice Plan.

2. Promptly following the entry of this Order, the Parties shall prepare final versions of the Summary Notice and the Settlement Notice, and incorporate into each of them the Fairness Hearing date and the deadlines set forth in section IV of this Order.

3. Within fourteen (14) days after the entry of this Order, Defendants, through the Settlement Administrator appointed hereby, shall cause the Settlement Notice to be posted on the Settlement Website, www.usgesettlement.com.

4. Within twenty-one (21) days after the entry of this Order, the Settlement Administrator shall disseminate to every member of the Settlement Class a copy of the Summary Notice. The Settlement Administrator will disseminate the Summary Notice by email to those Settlement Class Members for whom Defendants have an email address and by first-class United States Mail to all other Settlement Class Members. Before doing so, the Settlement Administrator will obtain or cause to be obtained address updates using a National Change of Address database and use any updated addresses when mailing. If any Summary Notice is returned bearing a forwarding address for a member of the Settlement Class, the Settlement Administrator shall make one attempt to mail the Settlement Notice to that forwarding address.

5. This civil action was commenced after February 18, 2005. As a result, Defendants shall notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendants' Counsel shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. No later than seven (7) days before the Fairness Hearing, Defendants shall file with this Court a declaration of compliance with paragraphs 2, 3, 4, and 5 above.

7. Epiq Class Action & Claims Solutions, Inc.is hereby approved as the Settlement Administrator, whose reasonable costs in administering the Settlement and notice thereof are to be paid by Defendants.

8. The Settlement Administrator shall issue notice and administer the Settlement subject to the jurisdiction of the Court.

9. The Settlement Administrator shall perform the following functions in accordance with the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case:

a. As described above, disseminate the Summary Notice to members of the Settlement Class by email or by first-class United States Mail;

b. Before disseminating the Summary Notice, establish the Settlement Website, which will include the Settlement Notice;

c. Before disseminating the Summary Notice, set up and thereafter operate a toll-free automated interactive voice response system through which Settlement Class Members can access settlement information and facilitate requests for the Settlement Notice and other settlement information;



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

Case 2:14-cv-04464-KM-MAH Document 52 Filed 04/24/17 Page 10 of 15 PageID: 646

d. Send via first-class United States Mail or email notice packets or other settlement information to all those who may request via the toll-free number or mail;

e. Before disseminating the Summary Notice, establish a postal address to which Settlement Class Members can request to be excluded from the Settlement Class;

f. Carry out the Notice Plan;

g. Process requests for exclusion from the Settlement in accordance with section 9 of the Settlement Agreement; and

h. Promptly provide to Class Counsel and Defendants' Counsel copies of the Requests for Exclusion and a list of the names of all persons who submitted Requests for Exclusion. Class Counsel and Defendants shall jointly report in writing to the Court, no later than seven (7) days before the Fairness Hearing, the names and states of residence of all such persons.

## IV. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Fairness Hearing

The Court hereby schedules a Fairness Hearing at 10 : 00 a.m. on July 18th, 2017, which date is approximately (and no less than) seventy-five (75) days after the entry of this Order, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval. At that time, the Court also will consider Class Counsel's application for an award of attorneys' fees and reimbursement



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

Case 2:14-cv-04464-KM-MAH Document 52 Filed 04/24/17 Page 11 of 15 PageID: 647

of costs they incurred prosecuting the Action, as well as awards to be paid to Plaintiffs, all in accordance with the terms of the Settlement Agreement (the "Application").

**B. Deadline for Requests for Exclusion from the Settlement Class**

Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Members of the Settlement Class who wish to be excluded from the Settlement Class must mail their requests for exclusion in written form to the Settlement Administrator by first-class United States Mail, postmarked by the United States Postal Service no later than thirty (30) days after the issuance of the Summary Notice. Any request for exclusion submitted in any other manner shall be deemed to have been submitted when actually received by the Settlement Administrator. The request must: (i) be personally signed by the Settlement Class Member; (ii) clearly express the Settlement Class Member's desire to be excluded (or to "opt out") from the Settlement Class in *Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Services Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH);and (iii) include the Settlement Class Member's name, address, telephone number, electronic mail address, if any, account number(s) with Defendants or any of them, and, if represented by counsel, counsel's name, address, telephone number, and electronic mail address. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

**C. Deadline for Filing Objections and Requests to Appear**

All objections to certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made in writing and, no later than thirty (30) days after the date of issuance of the Summary Notice, filed with this Court and mailed to Defendants' Counsel and to Class Counsel listed below, by first-class United States Mail, at the following addresses:

Clerk of the Court
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

For Defendants:

Stephen M. Orlofsky
BLANK ROME LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540

For the Settlement Class:

Bruce D. Greenberg
LITE DEPALMA GREENBERG LLC
570 Broad Street, Suite 1201
Newark, NJ 07102

Any written objection must include: (i) the objecting Settlement Class Member's name, address, telephone number, electronic mail address, if any, account number(s) with Defendants or any of them, and, if represented by counsel, counsel's name, address, telephone number, and electronic mail address ; (ii) the full case name and number (*Patricia Vitale and Vincent Vitale, on behalf of themselves and all others similarly situated, v. US Gas & Electric, Inc., Energy Services Providers, Inc., and John Doe Corporations #1-25*, Case No. 2:14-cv-4464 (KM)(MAH)); (iii) a statement that the objecting Settlement Class Member is a Settlement Class Member; (iv) a statement of each objection asserted; (v) a detailed description of the facts underlying each objection; (vi) a detailed description of the legal authorities supporting each objection; (vii) a statement of whether the objecting Settlement Class Member intends to appear

and speak at the Fairness Hearing; and (viii) the signature of the Objecting Class Member, personally signed by the objecting Settlement Class Member and not by any representative or counsel. In addition, if applicable, all objections shall include: (i) the number of times in which the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has objected to a class action settlement within the five (5) years preceding the date that the objecting Settlement Class Member files the objection and the caption of each case in which such objection was made; and (ii) a statement disclosing any consideration that the objecting Settlement Class Member, the objecting Settlement Class Member's counsel (if any), or the objecting Settlement Class Member's counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five (5) years preceding the date that the objecting Settlement Class Member files the objection. If the objecting Settlement Class Member or the objecting Settlement Class Member's counsel has *not* objected to any other class action settlement in any court in the United States in the previous five (5) years, the objection must affirmatively so state. Any papers not filed and served in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

The filing of an objection allows Class Counsel or Defendants' Counsel to take the deposition of the objecting Settlement Class Member consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and/or to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting Settlement Class Member to make himself or herself available for a deposition or otherwise comply with expedited discovery requests may result in the Court striking the objection and otherwise denying the objecting

Settlement Class Member the opportunity to make an objection or be further heard. The Court may tax the costs of any such discovery to the objecting Settlement Class Member or the objecting Settlement Class Member's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, must file with the Court and serve, on Defendants' Counsel and on Class Counsel, no later than twenty (20) days before the date of the Fairness Hearing, a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing.

Any memorandum or other material the Parties wish to submit in response to any objections to the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, or otherwise in support of the Settlement Class, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made in writing and, no later than ten (10) days before the Fairness Hearing, filed with this Court and served on each other and any objectors.

**D. Deadline for Class Counsel to File Papers in Support of Final Approval of Settlement and Fee Application**

No later than twenty-one (21) days before the deadlines for Requests for Exclusion and for Filing Objections and Requests to Appear, Class Counsel shall file with this Court, and serve on Defendants, Class Counsel's Application, pursuant to the Settlement Agreement, their papers



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

in support of final approval of the Settlement and their Application for an award of attorneys' fees and reimbursement of costs incurred in the Action and for awards to Plaintiffs.

## V. STAY OF PROCEEDINGS

Pending final determination of whether the Settlement should be approved, Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Releasee. Pending the Fairness Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: April 24, 2017

Kevin McNulty, U.S.D.J.



640466.1
130630.00602/105035246v.1
130630.00602/105076303v.1

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br><br>Defendants. | Case No. 2:14-cv-4464 (KM)(MAH)<br><br>Hon. Kevin McNulty, U.S.D.J. |

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT**

Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. (collectively, "USGE" or "Defendants," and together with Plaintiffs, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement"). The Parties previously submitted the Settlement Agreement to this Court for preliminary approval of the class action settlement provided for in the Settlement Agreement (the "Settlement"). On April 24, 2017, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order"). On _______________, 2017, the Parties filed a declaration confirming the timely notice to the Settlement required by the Preliminary Approval Order. Now, the matter having come before the Court for hearing on _______________, 2017, on the Parties' request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter, the Court finds and concludes that it has jurisdiction over the Parties and the subject matter and finds, concludes, and orders as follows:

## I. JURISDICTION OF THE COURT

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CLASS CERTIFICATION

In the Preliminary Approval Order, this Court granted conditional class certification to the following nationwide Settlement Class:

> Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who, from January 1, 2008 to February 10, 2017, entered into a gas or electric service supply plan with Defendants or either of them.
>
> Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas service supply plan with Defendants or either of them
>
> Excluded from the Settlement Class are all judges to whom the Action is assigned and the staff of those judges; the officers, directors and counsel of record of Defendants; all employees of Defendants; any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order; and any putative Settlement Class Members who have already had adjudicated in legal proceedings other than this action the same or similar claims as those alleged in this action.

The Court preliminarily found and concluded that the Settlement Class satisfied all the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws; appointed Patricia Vitale and Vincent Vitale as class representatives; and appointed the law firms of Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. as Class Counsel for the Settlement Class. Having

considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes that the provisions of the Preliminary Approval Order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class, appointing Epiq Class Action & Claims Solutions, Inc.as the Settlement Administrator, and appointing Class Counsel should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the multistate class settlement provided for in the Settlement Agreement and Settlement, and entering final judgment in this Action.

## III. NOTICE

The Preliminary Approval Order approved: (1) the form and content of the notice of Settlement to be provided to members of the Settlement Class; and (2) the plan specified in the Settlement Agreement and the Notice Plan for distributing the Summary Notice and Settlement Notice.

The Summary Notice and Settlement Notice fairly, accurately, and reasonably informed members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about the right of Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses ("Application"), and the procedures to do so.

The Summary Notice and Settlement Notice fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have any objection considered by this Court

at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing the Summary Notice and Settlement Notice has been implemented and has provided to the Settlement Class reasonable notice of the Settlement. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who may not already have received notice pursuant to that distribution plan. The Preliminary Approval Order required the Settlement Administrator to send the Summary Notice to those Settlement Class Members for whom Defendants have an email address and by first-class United States Mail to all other Settlement Class Members. The Preliminary Approval Order also required that before the Settlement Administrator distributed copies of the Summary Notice, the Settlement Administrator had to obtain or cause to be obtained address updates using a National Change of Address database and use any updated addresses when mailing. The Preliminary Approval Order also required that the Settlement Notice be posted on the Settlement Website, www.usgesettlement.com.

The Preliminary Approval Order required Defendants to file or cause to be filed with the Court a declaration of compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, Defendants have filed the required declaration. Additionally, Defendants' Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such

notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

## IV. PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

The Settlement Administrator received requests for exclusion from the Settlement Class and has provided Class Counsel and Defendants' Counsel copies of those requests. Class Counsel and Defendants' Counsel have filed with the Court a list of all requests for exclusion received by the Settlement Administrator. All persons named in the list attached hereto as Exhibit 1 are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class to receive the benefits described in Section II-5 of the Settlement Agreement. The Settlement Agreement provides these benefits to the Settlement Class even though Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the Action and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the value of the benefits to be provided by the Settlement to the Settlement Class; (2) the defenses asserted by Defendants, as to both litigation class certification and the merits; (3) the risks to the members of the Settlement Class that Defendants would successfully defend against class certification and/or against the merits of the claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; and (4) the length of time that

would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement is fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and discovery conducted by Plaintiffs, Class Counsel, and Defendants, and a protracted, arm's-length negotiation process facilitated by a mediator, and the Settlement is not in any way the product of collusion.

Accordingly, having considered the foregoing, the number of putative Settlement Class Members who have requested to be excluded from the Settlement, the level of opposition to the Settlement, the strength and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Defendants, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the Parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement and enters this Final Approval Order implementing its terms. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the Definitions set forth in the Settlement Agreement.

## VI. ADMINISTRATION OF THE SETTLEMENT

For the purposes of consummating the administration of the Settlement, the Court orders as follows:

1. Defendants will provide benefits as outlined in Section II-4 of the Settlement Agreement.

2. The Court hereby awards one sum of $2,500 to Plaintiffs Patricia Vitale and Vincent Vitale in compensation for the time, effort, and risk they undertook on behalf of the Settlement Class. These amounts shall be paid from the attorneys' fees awarded to Class Counsel by the Court.

3. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Plaintiffs' Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Plaintiffs' Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Plaintiffs' Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and its experienced and capable counsel; (e) Plaintiffs' Counsel have contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's Application and have approved the Settlement; and (f) the Notice informed the Settlement Class of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Application in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's Application, and only ______ Settlement Class Members objected, none of which objections are meritorious. For these reasons,

the Court hereby approves Class Counsel's Application and awards to Class Counsel attorneys' fees and expenses in the amount of $500,000.00.

4. Defendants shall pay the awards to Class Counsel in accordance with the Settlement Agreement. Any amounts paid before the Effective Date are subject to Class Counsel's obligation to make appropriate repayments to Defendants, if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the fee or cost award is reduced or reversed.

## VII. RELEASES AND EFFECT OF SETTLEMENT AGREEMENT

### A. Releases

In consideration of the terms of the Settlement Agreement, all Settlement Class Members, including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees.

"Released Claims" means any and all claims, actions, causes of action, demands, debts, liens, offsets or liabilities, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent the Settlement Agreement, may in the future have, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that (a) has been alleged in the Action or (b) could have been alleged in the Action or in another court action and relates (i) to the rates charged to customers by Defendants' in connection with their gas or electric supply plans, or (ii) to any act, omission, damage, matter, cause, or event whatsoever arising out of or related to the initiation, defense, or settlement of the

Action or the claims or defenses asserted or that could have been asserted in the Action. Notwithstanding the foregoing, or any other term of this Order, nothing in this Order, including but not limited to the definition of "Released Claims," shall be construed to prohibit Settlement Class Members from participating in or receiving benefits from an governmental or regulatory enforcement action if in any such action it is finally determined that the governmental or regulatory agency may seek such benefits on behalf of a group that includes Settlement Class Members.

"Releasees" means: (a) Defendants, together with their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and (b) each of their respective past, present, and future owners, shareholders, officers, directors, agents, representatives, employees, attorneys, and insurers.

In consideration of the terms of the Settlement Agreement, Defendants and the other Releasees, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Defendants now have against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action or the claims and defenses asserted in the Action (the "Released Defendants' Claims"). The Released Defendants' Claims do not include claims to enforce the Settlement.

With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon both the entry of this Final Approval Order, and the passing of the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement

Class Members and the Releasees shall be deemed to have waived, and by operation of this Final Approval Order shall have waived, relinquished and released any and all provisions, rights and benefits conferred by or under any law of the United States or any state of the United States or territory of the United States, or principle of common law that governs or limits a person's release of unknown claims.

The Parties acknowledge that they understand the significance and consequence of this release and specific waiver. It is the intention of Plaintiffs and Defendants, and by operation of law, the Settlement Class Members and the Releasees, to completely, fully, finally and forever extinguish any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge, and the Settlement Class Members and the Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of this waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Parties in entering into the Settlement Agreement.

**B. Settlement Agreement as Exclusive Remedy for Released Claims**

Upon the entry of this Final Approval Order: (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim. Settlement Class

Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

### C. Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Defendants' stipulation to certification of the Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Action as those positions existed on October 10, 2016, when the Parties reached an agreement-in-principle to settle.

The final Court-ordered amount of any award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs is a matter separate and apart from the Settlement Agreement and this Final Approval Order. Neither the decision by the Court concerning the award of attorneys' fees and expenses to Class Counsel nor any appeal of the Court's order concerning an award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs shall affect the validity or finality of the Settlement.

## VIII. NO ADMISSION OF LIABILITY

The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether the Settlement Agreement ultimately becomes effective.

## IX. ENTRY OF FINAL JUDGMENT

The Second Amended Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs as against Defendants. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. The Court further orders the entry of, and hereby enters, this Final Approval Order. The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Final Approval Order, as well as all other matters relating to the administration and consummation of the Settlement.

IT IS SO ORDERED.

Dated: _______________, 2017

_________________________________
Kevin McNulty, U.S.D.J.