UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA VITALE and VINCENT VITALE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>U.S. GAS & ELECTRIC, INC., ENERGY SERVICES PROVIDERS, INC. and JOHN DOE CORPORATIONS #1-25,<br><br>Defendants. | Case No. 2:14-cv-4464 (KM)(MAH)<br><br>Hon. Kevin McNulty, U.S.D.J. |

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT**

Plaintiffs Patricia Vitale and Vincent Vitale, husband and wife ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants U.S. Gas & Electric, Inc. and Energy Services Providers, Inc. (collectively, "USGE" or "Defendants," and together with Plaintiffs, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement"). The Parties previously submitted the Settlement Agreement to this Court for preliminary approval of the class action settlement provided for in the Settlement Agreement (the "Settlement"). On April 24, 2017, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order"). On June 19, 2017, the Parties filed a declaration confirming the timely notice to the Settlement required by the Preliminary Approval Order. Now, the matter having come before the Court for hearing on July 18, 2017, on the Parties' request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter, the Court finds and concludes that it has jurisdiction over the Parties and the subject matter and finds, concludes, and orders as follows:

## I. JURISDICTION OF THE COURT

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CLASS CERTIFICATION

In the Preliminary Approval Order, this Court granted conditional class certification to the following nationwide Settlement Class:

> Each person or entity in the States of New Jersey, Connecticut, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Ohio, and the District of Columbia, who, from January 1, 2008 to February 10, 2017, entered into a gas or electric service supply plan with Defendants or either of them.
>
> Each person or entity in the State of Pennsylvania who, from January 1, 2008 to February 10, 2017, entered into a gas service supply plan with Defendants or either of them
>
> Excluded from the Settlement Class are all judges to whom the Action is assigned and the staff of those judges; the officers, directors and counsel of record of Defendants; all employees of Defendants; any putative Settlement Class Members who properly and timely exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order; and any putative Settlement Class Members who have already had adjudicated in legal proceedings other than this action the same or similar claims as those alleged in this action.

The Court preliminarily found and concluded that the Settlement Class satisfied all the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws; appointed Patricia Vitale and Vincent Vitale as class representatives; and appointed the law firms of Lite DePalma Greenberg, LLC and Poulos LoPiccolo P.C. as Class Counsel for the Settlement Class. Having

considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes that the provisions of the Preliminary Approval Order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class, appointing Epiq Class Action & Claims Solutions, Inc.as the Settlement Administrator, and appointing Class Counsel should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the multistate class settlement provided for in the Settlement Agreement and Settlement, and entering final judgment in this Action.

## III. NOTICE

The Preliminary Approval Order approved: (1) the form and content of the notice of Settlement to be provided to members of the Settlement Class; and (2) the plan specified in the Settlement Agreement and the Notice Plan for distributing the Summary Notice and Settlement Notice.

The Summary Notice and Settlement Notice fairly, accurately, and reasonably informed members of the Settlement Class of: (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about the right of Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses ("Application"), and the procedures to do so.

The Summary Notice and Settlement Notice fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have any objection considered by this Court

at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing the Summary Notice and Settlement Notice has been implemented and has provided to the Settlement Class reasonable notice of the Settlement. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who may not already have received notice pursuant to that distribution plan. The Preliminary Approval Order required the Settlement Administrator to send the Summary Notice to those Settlement Class Members for whom Defendants have an email address and by first-class United States Mail to all other Settlement Class Members. The Preliminary Approval Order also required that before the Settlement Administrator distributed copies of the Summary Notice, the Settlement Administrator had to obtain or cause to be obtained address updates using a National Change of Address database and use any updated addresses when mailing. The Preliminary Approval Order also required that the Settlement Notice be posted on the Settlement Website, www.usgesettlement.com.

The Preliminary Approval Order required Defendants to file or cause to be filed with the Court a declaration of compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, Defendants have filed the required declarations (ECF nos. 55, 58). Additionally, Defendants' Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005. (ECF no. 56)

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such

notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

## IV. PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

The Settlement Administrator received requests for exclusion from the Settlement Class and has provided Class Counsel and Defendants' Counsel copies of those requests. Class Counsel and Defendants' Counsel have filed with the Court a list of all requests for exclusion received by the Settlement Administrator. (ECF no. 58 ¶7; ECF no. 57-1) The two ~~All~~ persons named in the list attached hereto as Exhibit 1 whose submissions are marked "complete" are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement. No objections were received. (ECF no. 58 ¶8) KM

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class to receive the benefits described in Section II-5 of the Settlement Agreement. The Settlement Agreement provides these benefits to the Settlement Class even though Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the Action and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the value of the benefits to be provided by the Settlement to the Settlement Class; (2) the defenses asserted by Defendants, as to both litigation class certification and the merits; (3) the risks to the members of the Settlement Class that Defendants would successfully defend against class certification and/or against the merits of the claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; and (4) the length of time that

would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement is fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and discovery conducted by Plaintiffs, Class Counsel, and Defendants, and a protracted, arm's-length negotiation process facilitated by a mediator, and the Settlement is not in any way the product of collusion.

Accordingly, having considered the foregoing, the number of putative Settlement Class Members who have requested to be excluded from the Settlement, the level of opposition to the Settlement, the strength and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Defendants, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the Parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement and enters this Final Approval Order implementing its terms. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the Definitions set forth in the Settlement Agreement.

## VI. ADMINISTRATION OF THE SETTLEMENT

For the purposes of consummating the administration of the Settlement, the Court orders as follows:

1. Defendants will provide benefits as outlined in Section II-4 of the Settlement Agreement.

2. The Court hereby awards one sum of $2,500 to Plaintiffs Patricia Vitale and Vincent Vitale in compensation for the time, effort, and risk they undertook on behalf of the Settlement Class. These amounts shall be paid from the attorneys' fees awarded to Class Counsel by the Court.

3. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Plaintiffs' Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Plaintiffs' Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Plaintiffs' Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and its experienced and capable counsel; (e) Plaintiffs' Counsel have contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's Application and have approved the Settlement; and (f) the Notice informed the Settlement Class of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Application in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's Application, and ~~only~~ no Settlement Class Members objected, ~~none of which objections are meritorious~~. For these reasons,

the Court hereby approves Class Counsel's Application and awards to Class Counsel attorneys' fees and expenses in the amount of $500,000.00.

4. Defendants shall pay the awards to Class Counsel in accordance with the Settlement Agreement. Any amounts paid before the Effective Date are subject to Class Counsel's obligation to make appropriate repayments to Defendants, if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the fee or cost award is reduced or reversed.

## VII. RELEASES AND EFFECT OF SETTLEMENT AGREEMENT

### A. Releases

In consideration of the terms of the Settlement Agreement, all Settlement Class Members, including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees.

"Released Claims" means any and all claims, actions, causes of action, demands, debts, liens, offsets or liabilities, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent the Settlement Agreement, may in the future have, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that (a) has been alleged in the Action or (b) could have been alleged in the Action or in another court action and relates (i) to the rates charged to customers by Defendants' in connection with their gas or electric supply plans, or (ii) to any act, omission, damage, matter, cause, or event whatsoever arising out of or related to the initiation, defense, or settlement of the

Action or the claims or defenses asserted or that could have been asserted in the Action. Notwithstanding the foregoing, or any other term of this Order, nothing in this Order, including but not limited to the definition of "Released Claims," shall be construed to prohibit Settlement Class Members from participating in or receiving benefits from an governmental or regulatory enforcement action if in any such action it is finally determined that the governmental or regulatory agency may seek such benefits on behalf of a group that includes Settlement Class Members.

"Releasees" means: (a) Defendants, together with their respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; and (b) each of their respective past, present, and future owners, shareholders, officers, directors, agents, representatives, employees, attorneys, and insurers.

In consideration of the terms of the Settlement Agreement, Defendants and the other Releasees, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Defendants now have against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action or the claims and defenses asserted in the Action (the "Released Defendants' Claims"). The Released Defendants' Claims do not include claims to enforce the Settlement.

With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon both the entry of this Final Approval Order, and the passing of the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement

Class Members and the Releasees shall be deemed to have waived, and by operation of this Final Approval Order shall have waived, relinquished and released any and all provisions, rights and benefits conferred by or under any law of the United States or any state of the United States or territory of the United States, or principle of common law that governs or limits a person's release of unknown claims.

The Parties acknowledge that they understand the significance and consequence of this release and specific waiver. It is the intention of Plaintiffs and Defendants, and by operation of law, the Settlement Class Members and the Releasees, to completely, fully, finally and forever extinguish any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge, and the Settlement Class Members and the Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of this waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Parties in entering into the Settlement Agreement.

**B. Settlement Agreement as Exclusive Remedy for Released Claims**

Upon the entry of this Final Approval Order: (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim. Settlement Class

Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

### C. Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Defendants' stipulation to certification of the Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Action as those positions existed on October 10, 2016, when the Parties reached an agreement-in-principle to settle.

The final Court-ordered amount of any award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs is a matter separate and apart from the Settlement Agreement and this Final Approval Order. Neither the decision by the Court concerning the award of attorneys' fees and expenses to Class Counsel nor any appeal of the Court's order concerning an award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs shall affect the validity or finality of the Settlement.

## VIII. NO ADMISSION OF LIABILITY

The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether the Settlement Agreement ultimately becomes effective.

## IX. ENTRY OF FINAL JUDGMENT

The Second Amended Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs as against Defendants. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. The Court further orders the entry of, and hereby enters, this Final Approval Order. The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Final Approval Order, as well as all other matters relating to the administration and consummation of the Settlement.

IT IS SO ORDERED.

Dated: July 18, 2017

Kevin McNulty, U.S.D.J.

# Vitale v. USG&E - Opt Out Submission Report

| Opt Out # | Key Name | State | Document Status | Incomplete Reason |
|---|---|---|---|---|
| 1 | CHARLES SCHISSLER | CT | Incomplete | Missing address / signature / account number |
| 2 | TIMOTHY J THOMAS | MD | Incomplete | Missing phone number / account number |
| 3 | BETTY MACLEOD | IL | Incomplete | Missing phone number / signature / account number |
| 4 | ADELE BALIUNAS | OH | Incomplete | Missing phone number / account number |
| 5 | SUEANN MARTIN | IL | Incomplete | Missing phone number / account number |
| 6 | CLETA WASHCHENBACH | IL | Incomplete | Missing phone number / account number |
| 7 | WESLEY UNITED METHODIST | PA | Incomplete | Missing phone number / account number |
| 8 | PATRICIA TROCCHI | CT | Incomplete | Missing phone number / account number |
| 9 | MARY J IBSH | IL | Incomplete | Missing phone number / account number |
| 10 | TERESA VEDOCK | CT | Incomplete | Missing phone number / account number |
| 11 | SHELLY ANN FRITZ | MD | Incomplete | Missing phone number / signature / account number |
| **12** | **VERA I JOHNSTON** | **MI** | **Complete** | |
| 13 | JOHN C STEIN | OH | Incomplete | Missing phone number / account number |
| 14 | HELEN L BECKMIER | IL | Incomplete | Missing phone number / account number |
| 15 | SHARON DODD | IL | Incomplete | Missing phone number / account number |
| 16 | WILLIE WILSON | MD | Incomplete | Missing phone number / account number |
| 22 | WILLIE WILSON | MD | Incomplete | Missing phone number / account number |
| 17 | BROILERS | OH | Incomplete | Missing phone number / account number |
| 18 | BRADLEY D CONDERMAN | IL | Incomplete | Missing phone number |
| 19 | EUGENE WOJTASZEK | MI | Incomplete | Missing phone number / account number |
| 20 | DAISY Y JONES | MI | Incomplete | Missing phone number / account number |
| 21 | JOANNE STEIN | OH | Incomplete | Missing phone number / account number |
| 23 | BONNIE A MAREK | OH | Incomplete | Missing phone number / account number |
| **24** | **ELIO AUTINO** | **MA** | **Complete** | |
| 25 | KAREN CLARK | CT | Incomplete | Missing phone number / account number |

Ex. 1